## ARGUED AND DETERMINED

### IN THE

# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF BERKSHIRE.

---

### DANIEL D. STONE *versus* LEVI CROCKER.

In an action for a malicious prosecution, what facts and circumstances amount to probable cause, is a question of law ; whether they exist in the particular case, is a question of fact.

If all the facts which the evidence tends to prove, do not amount to probable cause, the question of probable cause is to be decided by the judge and not to be submitted to the jury.

The want of probable cause is evidence of malice.

Whether the trial and acquittal of a party charged with an offence, be *primâ facie* evidence of want of probable cause, *quære*.

THIS was action for slander and malicious prosecution. In two of the counts, the defendant was charged with the malicious prosecution of the plaintiff, without any probable cause, for stealing the defendant's account book.

At the trial, before *Wilde* J., the plaintiff gave in evidence the complaint of the defendant, made to a justice of the peace, charging the plaintiff with the theft, and the record of the trial and discharge of the plaintiff by another justice of the peace ; and this discharge was held by the judge to be *primâ facie* evidence of want of probable cause.

On the part of the defendant, his testimony given on the trial of the complaint before the justice was given in evidence ; upon which and other evidence in the case, which was reported to the Court, the judge was of opinion that there was no probable cause for the charge made against the plaintiff, and

in commenting on the evidence he gave instructions to the jury corresponding with that opinion.

The plaintiff offered evidence to prove express malice, which was left to the jury ; but they were instructed that proof of express malice was not necessary to support the action, for if a want of probable cause were proved, malice would be inferred.

The jury returned a verdict for the plaintiff. If the foregoing opinions and directions were right, the verdict was to stand ; otherwise a new trial was to be granted.

*Sept. 13th, 1831.*

*Briggs* and *Jones*, for the defendant, insisted that the discharge of the plaintiff after trial was not *primâ facie* evidence of want of probable cause, for the magistrate to whom a complaint is made would not bind over unless there were proof sufficient to convict ; *Byne* v. *Moore*, 5 Taunt. 187 ; 3 Bl. Comm. 127, Christian's note ; 2 Stark. Ev. 913, 916, note *r* ; *Purcell* v. *Macnamara*, 9 East, 361 ; *Fowler* v. *Homer*, 3 Campb. 294 ; that such facts as would induce a reasonable man to believe the party guilty, amount to probable cause, and such facts were proved in this case ; *Cutler and Dixon's case*, 4 Co. 14 ; *Buckley and Wood's case*, ibid. 14 ; *Pain* v. *Rochester*, Cro. Eliz. 871 ; *Reynolds* v. *Kennedy*, 1 Wils. 232 ; *Smith* v. *Macdonald*, 3 Esp. R. 7 ; 2 Stark. Ev. 916 ; *Leigh* v. *Webb*, 3 Esp. R. 165 ; *Fish* v. *Scott*, Peake's Rep. 135 ; *Fowler* v. *Homer*, 3 Campb. 294 ; *Incledon* v. *Berry*, 1 Campb. 203, note ; *Coxe* v. *Wirrall*, Cro. Jac. 193 ; *Johnstone* v. *Sutton*, 1 T. R. 545, 547 ; that the instruction to the jury, that express malice need not be proved, but on proof of want of probable cause malice would be inferred, was erroneous ; that the jury may or may not infer malice from want of probable cause, according to the circumstances of the case, and are not obliged, as a matter of law, to make the implication ; *Watkins* v. *Baird*, 6 Mass. R. 512 ; 2 Stark. Ev. 743, note *z*, 867, 905 ; Bull. N. P. 14 ; Bac. Abr. *Trial, D* , and that the question of probable cause is not wholly matter of law, but is a mixed question of law and fact, to be submitted to the jury under directions from the court ; 2 Stark. Ev. (Metcalf's ed.) 912, notes *a* and 1.

*Dwight* and *Bishop*, for the plaintiff.

Morton J. delivered the opinion of the Court. Actions for malicious prosecutions are regarded by the law with jealousy. Lord *Holt* said, a hundred and fifty years ago, that they " ought not to be favored, but managed with great caution." Their tendency is to discourage prosecution for crimes, as they expose the prosecutors to civil suits. And the love of justice may not always be strong enough to induce individuals to commence prosecutions, when, if they fail, they may be subjected to the expense of litigation, if they be not mulcted in damages. Anciently, it was doubted whether such actions would lie, unless in case of a conspiracy. *Knight* v. *German*, Cro. Eliz. 70 ; *Pain* v. *Rochester*, ibid. 870 ; *Henley* v. *Burstal*, Ld. Raym. 180 ; ibid. 135, cites *Chamberlain* v. *Prescot*. But I believe the better opinion always was in favor of sustaining them, either with or without a conspiracy. Fitzh. N. B. 114 ; *Daw* v. *Swaine*, Sid. 424 : *Cox* v. *Wirrall*, Yelv. 105 ; *S. C.* Cro. Jac. 193 ; *Arundell* v. *Tregone*, Yelv. 117 ; *Savile* v. *Roberts*, 1 Ld. Raym. 374. Now nothing is better settled than, that upon proper facts, the action may be maintained. And with the best reason ; for what greater private injury can any man suffer than to be arraigned for a felony or other crime, exposed to the danger of a conviction, and subjected to the expense, vexation and ignominy of a public trial ; and what act can more deserve the severest animadversion of the law, than the prostitution of its process to the gratification of malice at the expense of innocence ? But it should be carefully guarded and its true principles strictly adhered to, that it may not on the one hand impede the free course of public justice, nor on the other, suffer malicious and causeless prosecutions to escape its grasp.

There are two things which are not only indispensable to the support of this action, but lie at the foundation of it. The plaintiff must show that the defendant acted from *malicious motives* in prosecuting him, and that he had no *sufficient reason* to believe him to be guilty. If either of these be wanting, the action must fail. A man from *pure malice* may prosecute another, who is really guilty, or whom from sufficient grounds he believes to be guilty, though in fact innocent, and no action will lie against him. *Golding* v. *Crowle*, Sayer, 1 ; *Farmer*

Stone
v.
Crocker.

Sept. 22d,
1830.

v. *Darling,* 4 Burr. 1974 ; *Jones* v. *Gwynn,* 10 Mod. 214 ; *Johnstone* v. *Sutton,* 1 T. R. 545 ; 2 Stark. Ev. 911 ; *Lyon* v. *Fox,* 2 Browne, (Penn.) Appx. 69 ; *Munns* v. *Dupont,* 3 Wash. C. C. R. 31 ; *Kelton* v. *Bevins,* Cooke, (Tenn.) 90 ; *Marshall* v. *Bussard,* Gilmer, 9 ; *Bell* v. *Graham,* 1 Nott & M'Cord, 278 ; *Vanduzor* v. *Linderman,* 10 Johns. R. 106 ; *White* v. *Dingley,* 4 Mass. R. 435 ; *Lindsay* v. *Larned,* 17 Mass. R. 190.

The *want of probable cause* is the *essential* ground of this action. Other things may be inferred from this. But this cannot be inferred from any thing else. It must be established by positive and express proof. It is not enough to show that the plaintiff was acquitted of the charge preferred against him, or that the defendant abandoned the prosecution. But the *onus probandi* is upon the plaintiff to prove affirmatively, by circumstances or otherwise, as he may be able, that the defendant had no ground for commencing the prosecution. See the above citations ; also *Purcell* v. *M'Namara,* 1 Campb. 199 ; *S. C.* 9 East, 361 ; *Sykes* v. *Dunbar,* 1 Campb. 202, note ; *Incledon* v. *Berry,* 1 Campb. 203, note ; *Wallis* v. *Alpine,* 1 Campb. 204. note ; *Shock* v. *M'Chesney,* 4 Yeates, 507.

We shall therefore first give our attention to this subject. A question has been made how it ought to be tried. The defendant's counsel claims a right to have it tried by the jury. He alleges that it is a mixed question, involving both law and fact, and therefore should be submitted to the jury. This argument has in it more of truth than appositeness. Mixed questions must necessarily go the jury ; but with proper instructions from the court as to the law and its application to the facts. But such questions, when the facts are undisputed, resolve themselves into pure questions of law.

The functions of the court and jury are different and generally distinct ; though sometimes, especially in criminal cases, they run into each other so that they cannot be clearly distinguished or separated. For this case and others of the kind, we think there is no difficulty in drawing the line. If these functions encroach upon each other, it will not be because their respective provinces are not separated by plain boundaries. What facts and circumstances amount to probable cause,

is a pure question of law. Whether they exist or not, in any particular case, is a pure question of fact. The former is exclusively for the court ; the latter for the jury. This subject must necessarily be submitted to the jury when the facts are in controversy ; the court instructing them what the law is. 2 Stark. Ev. 912 ; *Johnstone* v. *Sutton*, 1 T. R. 545 ; *Candell* v. *London*, (cited,) ibid. 520 ; *Reynolds* v. *Kennedy*, 1 Wils. 232 ; *Hill* v. *Yates*, 2 Moore, 80 ; *Isaacs* v. *Brand*, 2 Stark. R. 167 ; *Brooks* v. *Warwick*, ibid. 389 ; *Reed* v. *Taylor*, 4 Taunt. 616 ; *Leggett* v. *Blount*, 2 Taylor, 123 ; *Munns* v. *Dupont*, 2 Browne, (Penn.) Appx. 42 ; *S. C. 3* Wash. C. C. R. 31 ; *Crabtree* v. *Horton*, 4 Munf. 59 ; *Kelton* v. *Bevins*, Cooke, (Tenn.) 90 ; *Ulmer* v. *Leland*, 1 Greenleaf, 135. But it may happen that this and other mixed questions need not and cannot properly be sent to the jury. When the facts are undisputed, or when all the facts which the plaintiff's evidence conduces to prove, do not show a want of probable cause, it becomes a mere question of law which the court must decide, and it would be useless and improper to take the opinion of a jury upon it ; for if they found for the plaintiff, the court would set aside the verdict, not so much because it was against evidence, as because it was against law. *Golding* v. *Crowle*, Sayer, 1 ; Bull. N. P. 14.

But such was not this case. The judge instructed the jury, that the evidence showed a want of probable cause. In other words, that all the facts which all the evidence tended to prove, did not amount to a probable cause for the prosecution of the plaintiff. This withdrew nothing from the jury which belonged to them. It was undoubtedly a virtual decision of this branch of the case, and the jury could not find for the defendant without rejecting this instruction. But it did not assume to decide that any particular facts were or were not proved ; but that all, of which there was any evidence, were not sufficient to justify the defendant. It was the most favorable course for him, because it brought his case to a decision upon his own testimony, as given before the magistrate, and upon the assumption that every thing was proved which could fairly be inferred in his favor from that and all the other evidence in the case. If 't had been left more generally to the jury, they

might have found some of these inferences against him. But what is of more importance, it was exactly conformable to the rule of law upon this subject, and according to the principles which we have just explained. To have taken the opinion of the jury, whether certain facts amounted to probable cause or not, would have been to obtain their judgments upon a pure question of law ; which would have been a manifest dereliction of duty on the part of the court, an avoidance of the responsibility which belongs to it, and a confounding of the functions of judge and jury, which should ever be kept as distinct as possible.

But the defendant's counsel strenuously contend, that if it was within the province of the judge to decide this question, yet he erred in the decision which he made, and that upon revision, it will be found that the defendant had good probable cause for his prosecution of the plaintiff. This is undoubtedly the strongest point in the defendant's case ; and one upon which we confess that for a time, we entertained doubts. We have therefore bestowed the more care upon the examination of the subject.

We commenced and have pursued the inquiry throughout, under a lively recollection that the burden of proof was upon the plaintiff, and that every man who honestly undertook to bring real or supposed offenders to justice, was entitled to the full protection of the law, and to the favorable consideration of its officers. In relation to what in law constitutes probable cause, we adopt the definition of the defendant's counsel. Such facts and circumstances as would induce an ingenuous and unprejudiced man, of common capacity, in the defendant's situation, to believe the plaintiff to be guilty, would justify a criminal prosecution against him. This is unquestionably sound, and the defendant cannot object to its application to him, especially when it is recollected that out of tenderness to prosecutors, (which is one of the peculiarities of this action,) he has the benefit of his own testimony on the trial of the complaint before the magistrate. With these views and upon these principles, we have carefully examined all the facts and circumstances reported, and have come to the same conclusion which our learned brother did on the trial. (After re-

capitulating and commenting upon the evidence reported, the
judge proceeded : ) On the whole, we have been brought,
pretty satisfactorily, to the conviction, that no honest man of
ordinary intelligence, uninfluenced by improper motives, could
sincerely have believed the plaintiff to be guilty.

<em>Stone<br>v.<br>Crocker.</em>

The next great point to be established in the support of this
action, is the malice of the defendant. This the plaintiff
must prove, either by express evidence or by implication.
And the presiding justice ruled and instructed the jury, that
malice might be inferred from a want of probable cause. To
this the defendant's counsel excepted. But we have no doubt
that the instruction was correct. It is fully sustained, both by
reason and by authority.

If a man institutes a prosecution against another, for a crime
of which he has no reason to believe him to be guilty, surely
he cannot be influenced by good motives in doing it. A love
of justice will never incite the prosecution of innocence. Nor
does friendship to the accused ever show itself in this way.
Hatred, revenge, or some other sinister or improper motive,
either of which in law is malice, must be its source. The
want of probable cause may not be conclusive evidence, but
certainly it is not only competent, but very stringent evidence
of malice.. The authorities on this point are very numerous.
Scarcely a case of this kind can be found, in which this prin-
ciple is not directly or impliedly admitted. 2 Stark. Ev.
913 ; *Savil* v. *Roberts*, 1 Salk. 14 ; *S. C.* 1 Ld. Raym.
374 ; Metcalf's Yelv. 105, note 2 ; *Johnstone* v. *Sutton*,
1 T. R. 545 ; *Purcell* v. *Macnamara*, 9 East, 361 ; *Incledon*
v. *Berry*, 1 Campb. 203, note ; *Kerr* v. *Workman*, Addi-
son, 270.

Another indispensable, though generally easy step, is the
proof of the institution of the prosecution, and of the acquit-
tal of the plaintiff. This necessarily being a matter which
exists on record, if it all, must be proved by an authenticated
copy of the record. One of the means to which the English
courts sometimes resort, to check the improper use of the
action for malicious prosecution, is the refusal, to the plaintiff,
of a copy of the record of his acquittal. This however is
only done, when, in their opinion, there was a probable cause

for the prosecution. *Groenvelt* v. *Burrell*, 1 Ld. Raym. 253, *Jordan* v. *Lewis*, 2 Str. 1122. It is not probable that our courts would undertake to exercise the same control over the records, but would leave this action, like any other, to be settled upon its merits and according to correct principles of law, when it was regularly before them for trial.

The plaintiff here properly introduced a copy of the complaint made by the defendant, and of the trial and acquittal of himself. No objection is made to their admissibility, but the defendant's counsel supposed that the court over-estimated its importance. The judge held that they were *primâ facie* evidence of a want of probable cause. One respectable authority to this effect was produced on the trial, and adopted without an opportunity to examine its soundness. But it does not seem to be supported by other authorities, nor to accord with the principles which govern the action. We therefore entertain doubts whether it can be sustained. But we do not think it necessary to decide the question. Because in the view which we have taken of the case, we have entirely excluded this from our consideration and formed our opinions without the slightest regard to it. The opinion of the judge at the trial was an abstract opinion, which has had no influence on the verdict of the jury or the judgment of the Court. And therefore, whether right or wrong, it is no cause for setting aside the verdict. It cannot by any possibility have operated to the prejudice of the defendant.

*Judgment on the verdict.*