## DUNNINGTON v. LOESER.

No. 4290.  Opinion Filed June 1, 1915.

(149 Pac. 1161.)

Opinion Denying Rehearing Filed July 6, 1915.

(150 Pac. 874.)

1.  **MALICIOUS PROSECUTION—Probable Cause—Question for Court—Instructions.** In an action for malicious prosecution, the question of what amounts to probable cause is one of law for the court. It is therefore the duty of the court, when evidence has been given to prove or disprove probable cause, to

Statement of the Case.

submit to the jury its credibility, with the instruction that certain facts amount to probable cause, or they do not, as the case may be.

2.   **SAME.** In such cause, to leave to the jury the question of probable cause is error.

(Syllabus by Devereux, C.)

ON PETITION FOR REHEARING.

3.   **MALICIOUS PROSECUTION — Probable Cause — Instruction.** Where, in an action for malicious prosecution, the question of whether or not the defendant believed the facts relied upon to prove probable cause arises, that only raises an additional question for the jury to determine, but the court should still instruct the jury as to what facts do or do not amount to probable cause, and, in addition, instruct them that, even though the facts proved do constitute probable cause, if they further find that the defendant did not believe them to be true at the time he instituted the prosecution, he would not be protected by the fact that they did exist.

4.   **APPEAL AND ERROR—Trial—Prejudicial Error—Instructions —Request.** If the court correctly instructs the jury as to the law, if either party wants fuller instructions upon the law given by the court, they should request the instructions they desire given. But, if the court undertakes to instruct the jury as to the law, and does so incorrectly, that is prejudicial error.

5.   **MALICIOUS PROSECUTION—Right of Action.** To adopt a lax rule, favorable to actions for malicious prosecution, is to open the door in such actions, and to close the door to prosecutions, to turn society over to the lawless, and to create a dread on the part of any one who dares to prosecute.

(Syllabus by Brett, C.)

*Error from District Court, Alfalfa County;*
*Jas. W. Steen, Judge.*

Action by Frank Loeser against C. S. Dunnington, administrator of the estate of Carl Loeser, deceased. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial. Rehearing denied.

During the pendency of this appeal the plaintiff in error, Carl Loeser, died, and by proper proceedings the case was revived in the name of his administrator.

The petition alleges in proper form a cause of action for malicious prosecution and alleges damages in the sum of $20,000. The answer is a general denial, and admits that a criminal prosecution was begun against the plaintiff by filing an information in the county court of Alfalfa county, and that Carl Loeser, the defendant below, verified the same, and the plaintiff, Frank Loeser, was bound over for trial, and was subsequently tried and acquitted. The answer then pleads justification, as follows:

"Defendant further alleges that in verifying said information and preferring said charge against the plaintiff that he acted in good faith, and upon probable cause and without malice."

A reply was filed to this answer, and on the issues thus made the cause was tried.

There was evidence introduced by the defendant tending to prove that he acted in good faith, and that there was probable cause for instituting the prosecution. On this part of the case the court charged the jury as follows:

"If you believe from the evidence that the defendant had probable cause to institute and carry on the criminal proceedings, then the plaintiff cannot recover in this suit; and 'probable cause' is defined to be reasonable ground for belief, supported by circumstances sufficiently strong in themselves to warrant an impartial and reasonably prudent man in the belief that the person accused is guilty of the offense with which he is charged. 'Probable cause' has been defined to be such a state of facts in the mind of the prosecutor as will lead a man of ordinary caution and prudence to believe or entertain an honest opinion of guilt. Whether the facts known to the defendant were such as to lead him as a man of ordinary caution and prudence to believe and entertain an honest opinion that the plaintiff was guilty, as charged in the criminal prosecution, is submitted to the jury to be decided as a question of fact."

"If the defendant, in bringing and carrying on the criminal prosecution, did not use the means which an ordinarily careful and prudent man would exercise under like conditions to ascertain the facts connecting the plaintiff with the crime alleged to have been committed, and if you find from the facts and circumstances as they at that time were known or appeared to the defendant that he was not justified in believing that the plaintiff had committed the crime for which he was afterwards arrested and prosecuted, then such proceedings would have been commenced and carried on without probable cause."

In the instructions given the court defined what was meant by "probable cause," but nowhere charged the jury, as a matter of law, whether, if they believed the facts testified to, it was or was not probable cause. There was a verdict for the plaintiff below for $2,000, motion for new trial duly filed and overruled, and exceptions saved, and the cause is now before us by petition in error and case-made.

*Parker & Simons, A. J. Titus,* and *A. R. Carpenter,* for plaintiff in error.

*C. H. Mauntel* and *A. C. Beeman,* for defendant in error.

Opinion by DEVEREUX, C. (after stating the facts as above). The question presented by the exceptions to the charge of the court above set out raises the question as to whether or not probable cause is a question for the jury or a question of law.

*Michael v. Matson,* 81 Kan. 360, 105 Pac. 537, is a strong authority in the case at bar. The instruction objected to in that case was as follows:

"You are instructed that, to constitute probable cause for criminal prosecution, there must be such reasonable grounds of suspicion, supported by circumstances suf-

Dunnington v. Loeser.

ficiently strong  *  *  *  to warrant an ordinarily cautious man in the belief that the person arrested is guilty of the offense charged, and, in this connection, you are further instructed that a mere belief that an innocent person is guilty of a crime is not alone sufficient to justify  *  *  *  his or her arrest. The facts must be such as would justify an ordinarily intelligent and reasonably prudent person in entertaining such belief. Whether in this case such facts had come to the knowledge of the defendant at the time he entered the complaint against the plaintiff is a question of fact for the jury to determine from a preponderance of the evidence."

In reversing the case on account of this instruction the court say:

"As it is not the province of the jury to determine what circumstances would induce a reasonably prudent man to believe another guilty of a crime, there seems to be no purpose in the giving of an abstract instruction on the subject.  *  *  *  These abstract rules will guide the court in determining the question, but are apt to lead the jury away from their function of passing upon the evidence in support of the probative facts which the court may direct them to find in order to determine in which way their general verdict shall be rendered."

In *Vickers v. Logan*, 44 N. C. 393, it is held:

"Whether certain supposed facts constitute probable cause for a prosecution is a question of law, to be decided by the court, and not by the jury. It is the duty of the judge, leaving to the jury to ascertain the existence of the facts, to declare what inference as to probable cause results therefrom; to leave the inference to the discretion of the jury is error."

In *Stone v. Crocker*, 41 Mass. (24 Pick.) 81, it is held:

"In an action for malicious prosecution, what facts and circumstances amount to probable cause is a question

of law; whether they exist in the particular case is a question of fact."

In *Stewart v. Sonneborn,* 98 U. S. 187, 25 L. Ed. 116, it is held:

"The question as to what amounts to probable cause is one of law in a very important sense. It is therefore generally the duty of the court, when evidence has been given to prove or disprove the existence of probable cause, to submit to the jury its credibility, and what facts it proves, with instructions that the facts found amount to proof of probable cause, or that they do not."

In *Lacey v. Porter,* 103 Cal. 597, 37 Pac. 635, it is held:

"Actions for malicious prosecution are not favored in law, and will be sustained only when it is shown that the prosecution was, in fact, actuated by malice, and that the party instigating it had no reasonable ground for causing the prosecution. Malice is a question of fact; but what facts and circumstances amount to probable cause is a pure question of law, though whether such facts and circumstances exist is a question of fact."

These authorities are directly in point that the instructions to the jury above set out, and which were duly excepted to, were erroneous.

We therefore recommend that the judgment be reversed, and this cause remanded for a new trial.

---

## ON PETITION FOR REHEARING.

Opinion by BRETT, C. This case comes up on petition for rehearing. The opinion which we are called upon to examine in review reversed the lower court, because the instructions of that court left to the jury the question of what facts would or would not constitute probable cause,

instead of instructing the jury that, if they found certain facts proved, such facts would show a want of probable cause, and, if they found certain other facts proved, such facts would constitute probable cause. In other words, the opinion holds, as stated in the syllabus, that:

"In an action for malicious prosecution, the question of what amounts to probable cause is one of law for the court. It is therefore the duty of the court, when evidence has been given to prove or disprove probable cause, to submit to the jury its credibility, with the instruction that certain facts amount to probable cause, or that they do not, as the case may be."·

The petition for rehearing seems to admit that the opinion correctly states the general rule, but insists that the court has overlooked certain exceptions to this general rule, which we are called upon to examine and review, and which we shall now proceed to do.

It is first claimed that:

"The court overlooked the exception noted by the Supreme Court of Kansas in *Michael v. Matson*, 81 Kan. 360, 105 Pac. 537, wherein the court held that there might be exceptions to the rule."

If there is an approval of any exception to the rule in that case, either express or implied, we have failed to find it. The trial court seems to have attempted to make an exception by telling the jury that, under certain conditions, they should find for the defendant, "unless they should further find that the defendant himself, after consulting with an attorney, believed there was no probable cause for the prosecution." But the Supreme Court, instead of approving this, says this addition "necessarily introduced a new, irrelevant, and confusing element into the problem, defendant's understanding as to what con-

stitutes probable cause in law," and speaks in terms of condemnation rather than approval of this effort on the part of the trial court to inject that exception into the case. That court, in discussing the subject as to whether or not the question of what constitutes probable cause is one of unmixed law, says:

"There is some conflict on the subject, but the great preponderance of authority favors the view that the question of what facts are sufficient to constitute probable cause is one of unmixed law."

And again, in speaking of the fact that the trial court in that case gave an instruction defining in the abstract what constitutes probable cause, says:

"These abstract rules will guide the court in determining the question, but are apt to lead the jury away from their function of passing upon the effect of the evidence in support of the probative facts which the court may direct them to find in order to determine in which way their general verdict shall be rendered. *Ball v. Rawles*, 93 Cal. 222, 233, 234, 28 Pac. 937, 27 Am. St. Rep. 174. Nevertheless such an instruction is ordinarily not prejudicial, where the charge includes a statement of what facts would amount to probable cause in the case on trial. *Jonasen v. Kennedy*, 39 Neb. 313, 319, 320, 58 N. W. 122. The difficulty here is that the last sentence of the instruction quoted, although open to a different construction naturally tended to lead the jury to understand that they were to decide for themselves whether the facts known to the defendant when he caused the plaintiff's arrest were such as would justify an ordinarily prudent person in believing her guilty. This misleading tendency, if not corrected by a clear and accurate statement of what concrete facts would justify a reasonable belief of guilt, is a ground for reversal, unless it can be said from the record that the jury were not, in fact, misled."

And the instruction given in the case at bar of which the plaintiff in error complains is identical, word for word,

with the instruction which the Kansas court is here criticizing and says is misleading, and open to different constructions, and is "ground for reversal." The position of the Kansas Court in that case seems clearly to be that:

"Where the facts are disputed, it must be left to the jury to determine what the facts are; but the court should instruct what facts amount to probable cause for an arrest and what do not."

And we think that view is in harmony with the great weight of authority. *Ewing v. Sanford*, 19 Ala. 605; *Ball v. Rawles*, 93 Cal. 222, 28 Pac. 937, 27 Am. St. Rep. 174; *Davis v. Pacific Telephone & Telegraph Co.*, 127 Cal. 312, 57 Pac. 764, 59 Pac. 698; *Seabridge v. McAdam*, 108 Cal. 345, 41 Pac. 409; *Smith v. Liverpool, etc., Insurance Co.*, 107 Cal. 432, 40 Pac. 540; *Clement v. Major*, 8 Colo. App. 86, 44 Pac. 776; *Angelo v. Faul*, 85 Ill. 106; *Knapp v. Chicago, etc., R. Co.*, 113 Iowa, 532, 85 N. W. 769.

Again, the petition for rehearing complains that this court "overlooked the exception in the case of *Stewart v. Sonneborn*, 98 U. S. 187 [25 L. Ed. 116]." In that case the court says:

"It is true that what amounts to probable cause is a question of law in a very important sense. In the celebrated case of *Sutton v. Johnstone*, the rule was thus laid down: 'The question of probable cause is a mixed question of law and fact. Whether the circumstances alleged to show it probable are true and existed is a matter of fact; but whether, supposing them to be true, they amount to a probable cause, is a question of law.' This is the doctrine generally adopted. *McCormick v. Sisson*, 7 Cow. (N. Y.) 715; *Besson v. Southard*, 10 N. Y. 236. It is therefore generally the duty of the court, when evidence has been given to prove or disprove the existence of probable cause, to submit to the jury its credibility and what facts it proves, with instructions that the facts found amount

to proof of probable cause, or that they do not.  *Taylor v. Willans,* 2 Bar. & Adol. 845.  There may be, and there doubtless are, some seeming exceptions to this rule, growing out of the nature of the evidence, as when the question of the defendant's belief of the facts relied upon to prove want of probable cause is involved.  What their belief was is always a question for the jury."

But in that case does what the court defines as "seeming exceptions to this rule" abolish the rule?  Can we, by any legitimate construction of that language, say that the court meant that, if the defendant's belief of the facts relied upon to show probable cause became involved, that would relieve the court of the duty of instructing the jury as to what facts would or would not amount to probable cause?  We think not.  We think the court simply meant to say that under those circumstances the trial court should tell the jury that, even if they found the facts necessary to constitute probable cause, as enumerated by the court, existed, yet if they believed the defendant did not believe them to be true, and did not rely upon them in making the complaint, he would not be shielded by them; in other words, the trial court would still be under obligations to tell the jury as a matter of law what facts do or do not constitute probable cause, and, in addition, tell them that, even if they found those facts to exist, and yet found that the defendant did not believe them to be true at the time he instituted the prosecution, he would not be protected by the fact that they did exist. That is the only effect, we think, the court intended to give the exceptions mentioned.  Again, the petition complains that "the court overlooked the general rule laid down by the courts," and cites and quotes from *Shaul v. Brown,* 28 Iowa, 37, 4 Am. Rep. 151.

We do not hesitate to say that from our investigation the "general rule laid down by the courts" and supported by the great preponderance of authority, and, we think, the better reason, is in harmony with the original opinion in this case; but there are very respectable authorities that take a different view. But *Shaul v. Brown*, above cited, and relied upon by defendant in error, we hardly think is an authority in the case at bar. The trial court in that case instructed under both theories. In speaking of the instructions in that case the Supreme Court of Iowa says:

"It will be seen by these instructions that the court gave to the jury the definition or legal statement of what constitutes probable cause in law, substantially as given by Mr. Justice Washington in *Munns v. De Nemours et al.*, 3 Wash. C. C. 31, found also in 1 Amer. Lead. Cas. 200 [Fed. Cas. No. 9,926], which has been often approved. And the court also informed the jury that, if they found certain facts proved, such facts would show the want of probable cause; and, if they found certain other facts proved, such facts would constitute probable cause. The court, therefore, complied with both phases of the rule as laid down in the * * * reports, and stated the respective rules substantially correct."

That was not done in the case at bar, and we are not passing upon instructions of that kind.

The petition also insists that, inasmuch as the defendant did not request a proper instruction, it is now too late to complain because one was not given. But we understand the rule to be, if the instruction given is correct, and either party wants the law more fully stated upon the doctrine upon which the court is charging, then before they can be heard to complain they must request such instruction as they desire given. But, if the court undertakes to instruct the jury as to the law, and does so in-

correctly, this is prejudicial error. *Chicago, R. I. & P. Ry. Co. v. Baroni,* 32 Okla. 540, 122 Pac. 926; *St. L. & S. F. R. Co. v. Crowell,* 33 Okla. 773, 127 Pac. 1063; *Robinson v. McIver et al.* (Tex. Civ. App.) 23 S. W. 915. And the instruction complained of in the case at bar seems to have been copied *"verbatim et punctuatim"* from *Michael v. Matson, supra,* and that instruction was held by the Kansas court to be bad, and "ground for reversal," which holding, we think, is correct. Besides, if it is true "that the question of what facts are sufficient to constitute probable cause is purely a question of unmixed law," it could be nothing short of fundamental error to leave that question to the jury, and the error would not be cured or waived by a failure to request an instruction upon that point.

To adopt a lax rule favorable to actions for malicious prosecution would be to open the door to such actions, and to close the door to prosecutions, to turn society over to the lawless, and to create a dread on the part of any one who dares to prosecute them. "Actions for malicious prosecution have never been favored in law," and we hardly think we have reached that guileless age in which we can afford to take down the bars.

We think the rule announced in the original opinion is correct, both as a matter of law and public policy, and that a rehearing should be denied.

By the Court: It is so ordered.