## NELSON v. PETERMAN et al.

No. 16599—Opinion Filed April 6, 1926.

Rehearing Denied Sept. 21, 1926.

**1. Malicious Prosecution—Want of Probable Cause—Failure to Disclose Full Facts to Attorney Advised With.**

In an action for malicious prosecution, where the prosecutor, before instituting the criminal proceeding, obtained the advice of an attorney in good standing and of the county attorney, but did not fully and fairly communicate to them all the material facts bearing on the case of which he had knowledge or could have obtained by diligence and inquiry, acting upon advice thus received does not establish the absence or negative the want of probable cause, and an action for malicious prosecution may be maintained.

**2. Appeal and Error—Review of Evidence—Demurrer to Evidence and Motion for Instructed Verdict.**

Upon a demurrer to plaintiff's evidence and motion for an instructed verdict, this court will consider the evidence adduced at the trial in order to ascertain whether or not the verdict of the jury is reasonably supported by the testimony, but in so doing, the conclusion reached by the jury is weighed by that evidence which supports it.

If all the evidence supporting a verdict, taken together and given all the presumptions and deductions to which it is reasonably susceptible, is sufficient, then the court will not go behind it and determine what verdict the jury might have returned on the countervailing evidence offered, had it been accepted.

**3. Same—Sufficiency of Evidence to Sustain Verdict.**

When a case is submitted to a jury upon proper instructions as to the law, applicable to the facts in the case, and there is any competent evidence reasonably tending to support the verdict, this court will not disturb the same on appeal.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; A. S. Wells, Assigned Judge.

Action by O. C. Peterman against Mathews Nelson, Rolla W. Coleman, and the Coleman-Nelson Corporation, for malicious prosecution. Judgment for plaintiff against Nelson, for $1,000, and he appeals. Affirmed.

F. E. Riddle and Sam A. Neely, for plaintiff in error.

W. H. McClarin and Poe & Lundy, for defendants in error.

Opinion by RUTH, C. O. C. Peterman brought his action against Mathews Nelson, Rolla W. Coleman, and the Coleman-Nelson Corporation, alleging the defendants maliciously, unlawfully, and without probable cause, caused the plaintiff to be arrested by making and filing an affidavit before a justice of the peace in which they charged the plaintiff with the crime of embezzlement and caused plaintiff's arrest and imprisonment, and maliciously and without probable cause prosecuted plaintiff; and then follows the allegation of his discharge by the justice of the peace at the preliminary hearing.

Matthews Nelson filed his answer, denying the acts were maliciously done, and alleged that probable cause existed for believing plaintiff guilty of the crime of embezzlement, and that before signing the information he consulted reputable counsel, after making a fair investigation of all the facts and circumstances, and presented all the facts and circumstances known to him to the county attorney. That he signed the affidavit and information in behalf of the Silver Flash Oil Company, and that he had probable cause for believing plaintiff had drawn certain checks against the bank account of the Silver Flash Oil Company, and appropriated the money obtained thereby to his own use. Defendant pleads and relies on as a justification the advice and recommendation of his attorney and the county attorney of Tulsa county.

Rolla W. Coleman demurred to plaintiff's evidence, and the demurrer was by the court sustained. The cause was tried to a jury, the Coleman-Nelson Corporation moved for an instructed verdict, which was sustained, and the cause submitted to the jury and a verdict for $1,000 was returned for plaintiff and against the defendant Mathews Nelson, who regularly brought this cause here for review upon petition in error and case-made.

Defendant sets forth eight assignments of error, but abandons or waives the sixth, seventh and eighth, relating to the refusal of the court to give certain instructions, and the admission and rejection of evidence, and presents his assignments of error levelled against the sufficiency of the evidence, and that the verdict is contrary to law, under the following proposition: "The court erred in refusing to instruct the jury to return a verdict for defendant."

It appears from the record that plaintiff leased a lot in Tulsa at a rental of $250 per month, and started to erect a filling station, and when nearing completion he proposed to the Coleman-Nelson Corporation that it put in $10,000, which would pay all indebtedness, including rent, until the 1st day of April, 1922, plaintiff and the corporation to be equal partners in the adventure. The Silver Flash Oil Company was organized under the laws of Maryland. Doctor S. Murray, Stanley C. Edmister, and O. C. Peterman were incorporators. 1,500 shares of stock were issued to Peterman, and 1,500 to Mr. Coleman and Mathews Nelson personally, as the Coleman-Nelson Corporation shares. The directors were Peterman, Murray, and Nelson. The affairs of the company were by the directors practically turned over to plaintiff, who was to receive a salary of $300 per month for performing the duties of president, secretary-treasurer, and manager. After three and one-half months, directors Murray and Nelson removed plaintiff as manager, to take effect immediately, and threatened to throw the company into the hands of a receiver if plaintiff did not resign as secretary-treasurer. Murray and Nelson then called a meeting of the stockholders, to be held in Tulsa, Okla., July 29, 1922, for the purpose of removing plaintiff as director and filling the vacancy. Plaintiff advised them that under the charter all stockholders meetings must be held in Maryland; nevertheless, they proceeded to hold a meeting, not on July 29th, but on August 11, 1922, and plaintiff was removed as director and Rolla W. Coleman elected by the votes of Murray and Nelson in his stead. They then had the company completely in the hands of the Coleman-Nelson Corporation. Plaintiff proceeded to Maryland and had a receiver appointed and an ancillary receiver for the state of Oklahoma. This ancillary receiver discovered Nelson had drawn all funds of the Silver Flash Oil Company from the bank, and it required a court order to force Nelson to deliver the same to the receiver. The books delivered to or coming into possession of Nelson after ousting plaintiff on July 15th showed an item of $250 paid for rent of ground for April, 1922 (this being the monthly rental), but Nelson claims to have discovered this rent was applied by the lessor to rent for February, 1922. Plaintiff, under the agreement, was to pay rent personally until April 1st. Nelson went to his attorney who had been advising him in relation to the affairs of the Silver Flash Oil Company, and after an investigation, Nelson and his attorney visited the assistant county attorney, whose memory is not clear as to

what they told him, but on the strength of their statements an information was filed against plaintiff charging embezzlement of $250. He was arrested; put in jail and given a preliminary hearing, wherein it developed that on May 10, 1922, or more than four months prior to plaintiff's arrest and imprisonment, and while he was yet manager of the company, plaintiff had given the lessor his personal check for $500, covering the February and March rent, which check had been duly presented and paid. The books of the company showed the April and May rentals had been paid by plaintiff out of the funds of the company. And it would have been a matter of asking the lessor, before the arrest was made in September, if the February and March rents had been paid, which in fact they had on May 11th, by personal check of plaintiff. This the defendant appears not to have done, but defendant and the Coleman-Nelson Corporation proceeded to employ two of Tulsa's very able and eminent attorneys to assist in the prosecution of plaintiff. A demurrer to the evidence of the state was sustained by the justice of the peace, and this plaintiff was dismissed and discharged. Not being able to get rid of plaintiff by criminal proceedings, and immediately after his discharge and release, Nelson and Murray caused a voluntary petition in bankruptcy to be filed on behalf of the Silver Flash Oil Company, notwithstanding the company appears to have been solvent, as shown by the testimony of the receiver in bankruptcy, who stated that at the time of this trial he had wound up the affairs of the company, and after paying all indebtedness, costs, fees, etc., he still had in his hands between $6,000 and $7,000 in cash.

Defendant submits the proposition of law that:

"Where the testimony upon any issue is such that all reasonable men must or should reach the same conclusion, then such issues become a question of law and there is no question to submit to the jury." Citing Ingram et al. v. Dunning, 60 Okla. 233, 159 Pac. 927; Spaulding Mfg. Co. v. Holiday, 32 Okla. 823, 124 Pac. 35; Terry v. Creed, 28 Okla. 857, 115 Pac. 1022; Hassel v. Morgan et al., 27 Okla. 453, 112 Pac. 969; Puls v. Casey, 18 Okla. 142, 92 Pac. 388.

We think this states the correct rule of law in this state, but is not applicable to the facts in the instant case. The assistant county attorney did not remember what defendant and his attorney told him when he prepared the information, and it does not appear by clear and positive evidence that defendant ever told the county attor-

ney that plaintiff, on May 11th, had paid the February and March rent with his personal check. Defendant further invokes the rule that:

"If there is probable cause, then despite the question of malice, a recovery cannot be sustained in a suit for malicious prosecution." Citing El Reno Gas & Electric Co. v. Spurgin, 30 Okla. 88, 118 Pac. 397; Central Light & Fuel Co. v. Tyron, 42 Okla. 86, 140 Pac. 1151; Sims v. Jay, 53 Okla. 183, 155 Pac. 615; Herrick v. Devorak, 56 Okla. 499, 155 Pac. 1153; Goad v. Brown, 73 Okla. 241, 175 Pac. 769; Stewart v. Sonneborn 98 U. S., 187, 25 L. Ed. 116; Stacy v. Emory, 97 U. S. 642, 24 L. Ed. 1035.

This rule, however, presupposes the existence of probable cause, but where there is an absence of probable cause, the question of malice is necessarily the moving factor and the main issue in the case, where the arrest and imprisonment and prosecution and discharge or dismissal are admitted.

It is insisted:

"That the advice of good counsel in good standing or of a county attorney that a prosecution will lie, after a party has fairly disclosed all the facts known to him, is a complete defense as showing probable cause." Citing El Reno Gas & Electric Company v. Spurgin, supra; Roby v. Smith, 40 Okla. 280, 138 Pac. 141; Sims v. Jay, 53 Okla. 183, 155 Pac. 615; Central Light & Fuel Company v. Tyron, supra.

This rule is correct as far as it goes, but to this rule may be added, "or that should or could have been known to the party by the use of ordinary or reasonable diligence." See Empire Gas & Fuel Company v. Wainscott, 91 Okla. 66, 216 Pac. 141.

It is not enough that "he fairly tell all he knows," if he closes his ears and eyes to all he could or should have known. The books of the company plainly show, a photostatic copy of which is in the record, that the April check was drawn on and charged against the account for the April rent, but defendant testifies the lessor told him plaintiff tendered a check with notation "Feb. rent" thereon, and he would not accept it, and plaintiff returned with the check noted "Apr. rent"; but this was denied by plaintiff in the criminal proceedings, as well as in the trial of this case. Defendant talked to the lessor several times between July 15, 1922, when he took charge of the business, and September, 1922, when he caused the plaintiff to be arrested and prosecuted, and the slightest inquiry would have disclosed the payment of the February and March rent by personal check of plaintiff issued May 11th. Defendant never saw the April check,

but took the lessor's word for it that "Feb. rent" had been crossed off and "Apr. rent" written in in pencil. It therefore became a question of fact for the jury to determine whether the April check was so "juggled," and whether the defendant fairly stated all the facts he could or should have known.

Defendant further insists that "submission to the jury of what constitutes probable cause held error"—citing Dunnington v. Loeser, 48 Okla. 636, 149 Pac. 1161; but in the cited case this court said:

"In the instructions given, the court defined what was meant by 'probable cause,' but nowhere charged the jury, as a matter of law, whether if they believed the facts testified to it was or was not probable cause."

In the instant case defendant admits in his brief that the instructions properly stated the law, so this question is not before us for determination.

Defendant next urges the rule that:

"The burden of proof rested upon the plaintiff to prove by a preponderance of evidence both malice and want of probable cause." Citing Meinholtz v. Henryetta Gas Co., 83 Okla. 89, 200 Pac. 633; Shaw v. Cross, 83 Okla. 273, 201 Pac. 811.

A careful review of all the evidence introduced in this case and an examination of the authorities cited by defendant in support of the rules contended for, lead us unerringly to the opinion that the facts and the law were sufficient to submit the cause to the jury upon proper instructions, and in Chickasha Street Ry. Co. v. Wund, 37 Okla. 582, 132 Pac. 1078, this court said:

"This court will consider the evidence adduced at the trial in order to ascertain whether or not the verdict of the jury is reasonably supported by the testimony, but in so doing the conclusion reached by the jury is weighed by that evidence only which supports it. If all the evidence supporting a verdict, taken together and given all the presumptions and deductions to which it is reasonably susceptible, is sufficient, then the court will not go behind it, and determine what verdict the jury might have returned on the countervailing evidence offered had it been accepted."

Where a cause is submitted to a jury upon proper instructions as to the law applicable to the facts in the case, and there is any competent evidence reasonably tending to support the verdict, this court will not disturb the same on appeal. Lonsdale Grain Co. v. Johnston, 78 Okla. 174, 189 Pac. 359; Neary v. Etenburn et al., 87 Okla. 259, 209 Pac. 649; Lawton Ref. Co. v. Hol-

lister, 86 Okla. 13, 205 Pac. 506; Okla., K. & M. Ry. Co. v. Hurst, 86 Okla. 177, 207 Pac. 86; Leforce v. Cooper, 87 Okla. 9, 208 Pac. 795.

Finding no error in the record to support an opinion of reversal, the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 38 C. J. p. 432 § 78; pp. 433, 434 § 79; anno. 18 L. R. A. (N. S.) 49; 39 L. R. A. (N. S.) 207; 18 R. C. L. p. 47; 3 R. C. L. Supp. p. 782. (2) 4 C. J. p. 902 § 2872. (3) 4 C. J. p. 851 § 2834; 2 R. C. L. p. 193; 1 R. C. L. Supp. 432; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.