## PUTTER v. BROOKINS.

No. 21301.  Opinion Filed May 9, 1933.

Rehearing Denied June 13, 1933.

Samuel A. Boorstin and E. M. Calkin, for plaintiff in error.

Campbell & Ray, for defendant in error.

WELCH, J.  In this case, H. W. Brookins, as the plaintiff below, sued J. A. Putter, as the defendant in the trial court, for malicious prosecution.  The defendant in the trial court admitted that he signed the complaint or preliminary information charging plaintiff with the crime of driving an automobile while under the influence of intoxicating liquor, and relied upon the defense that there was, and that he had, probable cause, and that he, in good faith, acted upon probable cause, and that before instituting the prosecution action, he fully disclosed all of the facts to the county attorney, and acted upon his advice and proceeded in good faith and without malice.  The cause was tried to a jury upon the issue of whether or not there was a full, fair, and complete disclosure, whether or not the facts acted upon constituted probable cause, and upon the issue of malice.  The evidence was sharply conflicting.  If defendant's evidence is true, there was such full, fair, and complete disclosure of all of the facts made to the county attorney as the law required.  If plaintiff's evidence is true, the prosecutor failed to make a full and fair disclosure, or made false statements to the county attorney.  In such case, what facts and circumstances amount to probable cause is a question of law; whether they existed in the particular case is a question of fact.  There was a verdict and judgment in the trial court for the plaintiff, Brookins, for $644.77.  Motion for new trial was overruled and the defendant, Putter, appeals.

One of the assignments of error is that the trial court erred in giving certain instructions to the jury.  The proposition is urged that the court should instruct, as a matter of law, what facts constitute probable cause, and that an instruction on probable cause is erroneous which leaves the jury to determine whether the defendant, as a reasonably prudent man, would have believed the plaintiff to be guilty of the criminal act charged in the complaint.  We agree with this contention.  In Dunnington v. Loeser, 48 Okla. 636, 149 P. 1161, this court held:

"In an action for malicious prosecution the question of what amounts to probable cause is one of law for the court.  It is therefore the duty of the court, when the evidence has been given to prove or disprove probable cause, to submit to the jury its credibility, with the instruction that certain facts amount to probable cause, or they do not, as the case may be.

"In such case, to leave to the jury the question of probable cause is error.

"Where, in an action for malicious prosecution, the question of whether or not the defendant believed the facts relied upon to prove probable cause arises, that only raises an additional question for the jury to determine, but the court should still instruct the jury as to what facts do or do not amount to probable cause. * * *"

In the instant case, the court instructed the jury as follows:

"And in this connection you are further instructed that a mere honest belief on the part of said defendant that the plaintiff, Brookins, was guilty of driving a car while under the influence of intoxicating liquor, is alone insufficient.  A real belief and reasonable grounds for it must concur.  If all the facts and circumstances under which

the said defendant acted show that there was no probable cause for his conduct, or that his belief was groundless, or could not have been formed without gross ignorance or negligence, or that he exhibited an unreasonable credulity in drawing conclusions as to the guilt of the said plaintiff, which persons of ordinary prudence would not have drawn, his belief of the guilt of said plaintiff of said charge of so driving an automobile while under the influence of intoxicating liquor is no defense. A mere suspicion of a party's guilt, although honestly entertained, does not constitute probable cause for the institution of criminal proceedings against him."

This instruction, and the instructions as a whole, left the jury to determine what the facts were as to the conduct of Brookins, what Putter believed as to that conduct, what he was justified in believing in reference thereto, whether he, in fact, believed Brookins was guilty of the criminal offense, and whether he had what the jury thought to be probable cause for believing that Brookins was guilty or not. And all of this, without any guidance from the court as to what facts and what knowledge thereof on the part of Putter, would or would not, in law, constitute probable cause.

In all actions for damages for malicious prosecution, the court must advise and instruct the jury as to what facts and what knowledge thereof would constitute probable cause. And where it is an issue, the court must also advise the jury what communications or disclosures would, in law, establish probable cause or want of it. Then the jury, so guided in law by the court, will find, as a fact question, whether such facts existed in the case before them, or whether such disclosures or communications were made, and thus arrive at a verdict of fact properly guided in law. It is error to leave to the jury to determine the abstract question as to what constitutes probable cause, as was done in this case.

See Dunnington v. Loeser, supra, and the cases therein cited. In that case, which is quite similar to this, the judgment of the trial court was reversed for failure to properly instruct the jury on similar points, and in the body of the opinion the court said:

"'To adopt a lax rule favorable to actions for malicious prosecution would be to open the door to such action, and to close the door to prosecutions, to turn society over to the lawless, and to create a dread on the part of any one who dares to prosecute them. 'Actions for malicious prosecution have never been favored in law', and we hardly think we have reached that guileless age in which we can afford to take down the bars."

In view of the above conclusions, which require reversal of this cause, we do not pass upon the other questions raised herein. The cause is reversed and remanded, with directions to grant a new trial.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and BAYLESS, JJ., concur. RILEY, C. J., and BUSBY, J., absent.