**WILLIAMS et al. v. FREY.**

No. 28056.   April 19, 1938.

Rehearing Denied May 10, 1938.

Ralph D. Smith and Robert Burns, for plaintiffs in error.

Mitchell & Mitchell, for defendant in error.

PHELPS, J. This was an action involving civil liability for having caused a search of the plaintiff's property pursuant to a search warrant, and seizure of allegedly stolen articles consisting of an iron kettle and some iron pipe. The plaintiff recovered a verdict and judgment, and the defendants appeal.

The plaintiff is one of eight children whose father had executed a mortgage on the home place. The father died, with the mortgage unpaid. A default in an interest payment occurred, and defendant Williams, owner of the mortgage, caused a foreclosure action to be filed. The other and principal defendant, Southworth, was appointed receiver to take charge of the assets and preserve them. Plaintiff was not living on the mortgaged property.

The defendant receiver, Southworth, had had a little difficulty before with the plaintiff, about the plaintiff's removing articles from the place. A large iron kettle had been imbedded in some concrete or brick in a building on the premises for many years, in such a manner as no doubt constituted a permanent fixture. It was not included in the inventory of personal property of the deceased owner of the realty. Regardless, however, of whether it was a permanent fixture, it was in custodia legis. The defendant receiver discovered that this large iron kettle had been pried loose and

removed from the premises, along with some iron pipe. In view of the fact that plaintiff had told him, several weeks before, that he was going to take the kettle (regardless of the defendant receiver's consent), the defendant assumed, and correctly so, for it is admitted, that plaintiff had taken it. Defendant was also told by a brother of plaintiff, who had personal knowledge of the fact, that plaintiff had taken it.

The defendant then made a full disclosure of those facts to an attorney and asked his advice. The attorney advised against a replevin action and directed defendant to consult with the county attorney. The defendant then made full disclosure of said facts to the county attorney, who likewise advised against a replevin action, and advised him to have a search warrant issued. The county attorney prepared the affidavit necessary for a search warrant, defendant signed it, and the county attorney was present when it was issued. The search warrant was placed in the hands of the sheriff, who searched the premises where plaintiff was living, and found the kettle and some iron pipe which had been taken from the premises by plaintiff. Plaintiff was using the kettle at the time, and subsequently brought it and the pipe in himself.

Plaintiff had a married sister who during this time was being permitted to live on the premises from which the articles were taken. She and the plaintiff testified in the present hearing that she had loaned the kettle to plaintiff. But the evidence is undisputed that when defendant went to the place to verify that it had been taken, she did not tell the defendant of that fact. As to the iron pipe, neither she nor the plaintiff testified, nor is there yet any contention, that she consented to his taking it.

Subsequently, pursuant to an application made by the plaintiff to the county attorney, and a conversation between them, the details of which are not made clear by the record, the articles were returned to plaintiff. It is contended by defendants in their brief that plaintiff procured dismissal of the proceedings by promising not to press the present action, and other promises, but we do not find sufficient evidence thereof in the record to confirm such contention as a matter of law. However that may be, the plaintiff was never arrested and was never tried, and the articles were returned to him, and an order of the justice of the peace was agreed to and signed putting an end to the matter.

It is not disputed that in an action for damages on account of a wrongful search and seizure both malice and lack of probable cause for the suing out of the warrant must be shown. Before the search warrant may be issued, probable cause must exist (McHenry v. State, 61 Okla. Cr. 450, 69 P.2d 90), and the failure to prove the absence thereof, in an action of this kind, is fatal to plaintiff's case. That proof of both is essential to recovery seems to be accepted by the parties, and the case was tried on that theory. That is the rule in actions for malicious prosecution. Sawyer v. Shick, 30 Okla. 353, 120 P. 581; Flamm v. Wineland, 41 Okla. 688, 139 P. 961; Robberson v. Gibson, 62 Okla. 306, 162 P. 1120. In this respect the actions for malicious prosecution and for wrongful search and seizure are identical. See cases cited at 56 C. J. 1255, footnotes 90, 91.

It is well settled that the term "probable cause" does not mean actual or positive cause, for the determination of the question whether the person causing the warrant to issue had probable cause to believe the party guilty is, on its face, a different question from the question whether the party was actually guilty. Otherwise crime would often go unpunished, for it would follow as a matter of law that the affiant must suffer in damages if an acquittal for any reason should occur. Ordinarily, if the facts and circumstances known to the person causing the warrant to issue are such as to justify a man of prudence and caution in believing that the offense has been committed, it is sufficient. Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; 56 C. J. 1214, and cases cited.

There was no material dispute as to the facts in this case bearing on the issue of probable cause. Of course, the receiver was under a legal duty to protect the property. He knew that for 20 years the kettle had been a part of the fixtures of the place or that at any rate, due to the fact that it had not been listed as personal property in the inventory of the estate, it was a part of that for which he was accountable. The plaintiff had told him that he was going to take it, and this was against his consent. The plaintiff's own brother then came and told him, the defendant receiver, that plaintiff had taken it. He immediately went to the premises, found that it had been pried loose and that it and the pipe were missing. There he talked with plaintiff's sister, who was living on the place. She did not tell him either that plaintiff had taken it or

that she had given him permission to take it. She testified in the subsequent trial that she had given her permission, but she did not tell this to defendant. Furthermore, suppose she did give her permission? It is not shown by the evidence that she was clothed with authority to dispose of the assets of the estate, either by loaning or giving them away. However, it is not necessary to dwell at length on this phase of the case, for we do not base our ruling thereon; whatever effect the granting of her permission may have had if the plaintiff had been tried for larceny is beside the point in the present inquiry, which is concerned only with the question of probable cause for having the search warrant issued.

What, then, did the defendant receiver do? Did he go immediately and have the search warrant issued? No; and this is the point upon which the case turns. He conferred with the attorney for the receiver, or attorney for the plaintiff in the mortgage proceedings. That attorney advised him against instituting a replevin action and specifically directed him to the county attorney. He then followed that advice, and conferred with the county attorney, who advised the issuance of a search warrant, and who actually prepared the affidavit therefor himself and was present when it was issued.

We have carefully inspected the record on the question of what information was imparted to the attorneys by the defendant. Though the testimony in that connection was not as specific as it could have been, in itemizing each and every fact separately which he told them, no inference is permissible other than that he told them all of the facts of the case within his knowledge, as heretofore described. The defendant testified as to said facts, and then, in answer to a question on cross-examination, referring to what he had told the county attorney, he answered, "I told him all the circumstances surrounding it that I knew." This testimony was not disputed. It was in part corroborated by the first attorney with whom defendant conferred. The county attorney was absent, and hence did not testify. (The defendants had filed an affidavit for continuance, however, on account of the county attorney's temporary absence, which was overruled by the trial judge, and exceptions were saved thereto by defendants.) Said testimony being undisputed, and it not being inherently improbable or incredible, but, on the contrary, being corroborated by other evidence, a question of law was presented, for determination by the court.

In First State Bank v. Denton, 82 Okla. 137, 198 P. 874, we held that where the facts as to probable cause are disputed, the question of whether probable cause existed is even then a question of law for the court to decide, the jury to decide only the credibility of the witnesses, having been instructed that if they found certain facts to exist, or not exist, as the case may be, probable cause did or did not exist. See, also, Dunnington v. Loeser, 48 Okla. 636, 149 P. 1161, 150 P. 874. The trial judge in the instant case left the entire issue to the jury's determination, with an abstract statement as to the law and definition of probable cause. However, we pass that question over, for the facts were not disputed, and in such case although it is for the court, and the court alone, to decide the question of probable cause, still, if the trial judge does not decide it, said undisputed facts remain in the record and it is the duty of this court to decide the question, it being one of law.

In Robberson v. Gibson, 62 Okla. 306, 162 P. 1120, and Putter v. Brookins, 164 Okla. 79, 22 P.2d 995, we held that where the substantial facts as to probable cause are undisputed the question of their sufficiency is for the court.

Where a full and fair disclosure of the material facts has been made to reputable attorneys and the affiant acted on their advice, it negatives the absence of probable cause. Bryan v. Lee, 123 Okla. 22, 252 P. 2.

The advice of reputable counsel, honestly sought and acted on in good faith, is alone a complete defense to an action for malicious prosecution. El Reno Gas & Electric Co. v. Spurgeon, 30 Okla. 88, 118 P. 397.

The last-cited case contains so thorough and extensive a discussion of the rule and the reasons underlying it that it would be but repetition to discuss it here. Reference is made to that decision. Clearly, under the doctrine therein laid down, this judgment should be reversed.

It is suggested that the defendant did not do all within his power to discover the facts; that he should have inquired of the plaintiff's sister whether she had given him permission to take the articles. This argument is answerable both in fact and in law; first, as to the pipe such an inquiry presumably would have been fruitless anyway, since there is no contention that she gave permis-

sion for plaintiff to remove those articles; second, the doctrine announced in Roby v. Smith, 40 Okla. 280, 138 P. 141, which has since been followed, as follows:

"* * * Where the defendant relies upon advice of counsel as a defense, the disclosure to counsel required of him before acting upon such advice is not a disclosure of all the facts discoverable, but all the facts within his knowledge. If he knows facts enough, either personally or by credible information, which, when fairly and fully stated to reputable counsel for the purpose of obtaining legal guidance, results in advice which is honestly followed in commencing the criminal proceedings, that is sufficient."

The quoted language, taken from the syllabus announced by this court, followed King v. Apple River Power Co., 131 Wis. 575, 111 N. W. 668, 120 Am. St. Rep. 1063, 11 Ann. Cas. 951.

In a few decisions of this court the phrase "or that could or should have been known to the party by the use of ordinary or reasonable diligence" has been included as descriptive of that which the affiant must have made known to the attorney before he can claim probable cause on advice of counsel. See Nelson v. Peterman, 119 Okla. 125, 249 P. 333, 335; Empire Gas & Fuel Co. v. Wainscott, 91 Okla. 66, 216 P. 141. Assuming in the first place the paradox that a person could impart to the attorney facts which were not in his knowledge, and assuming that it was really intended to say that the party must have imparted all the information within his knowledge and must also have made a complete investigation before conferring with the attorney, still the dictum is wrong. For those expressions cannot be correct and yet Roby v. Smith, supra, be the law. The fact of it is that there is a split of authority in the various states on this question, and that this court is definitely committed to the rule of Roby v. Smith, supra. As stated in King v. Apple River Power Co. Case, supra, which is probably the leading case on the question:

"A number of cases hold that a failure to make a full disclosure of all material facts will render the defense of advice by counsel inoperative unless the defendant shows that not only were all known facts communicated, but also all such as reasonable diligence in making inquiries would have discovered. Other authorities, however, declare that it is not necessary that diligence in making inquiries should be shown, provided facts within defendant's knowledge, or in the existence of which he had reasonable ground to believe, were communicated to counsel in good faith. As we have seen, our court, contrary to the contention of counsel for respondent, is committed to the doctrine last stated."

And so has this court, for many years, been committed to that doctrine. It appears to us to be the more reasonable doctrine, and one less likely to encourage actions for malicious prosecution. As stated by us in Dunnington v. Loeser, 48 Okla. 636, 149 P. 1161, 150 P. 874 (reh.), the court should not adopt a lax rule favorable to actions for malicious prosecution.

The reason underlying the rule is that counsel himself is the better judge of whether the facts imparted to him are sufficient, and that the party has as much right to rely on counsel's advice in this respect as in other respects. Of course, he must impart to counsel a full and frank disclosure of all those facts which he does know, including those which might lead to further inquiry. Perhaps the reasoning is better expressed in the King v. Apple River Power Co. Case, supra, by these words:

"The real basis for the doctrine that the advice of counsel under the circumstances stated stands for probable cause is that it (the advice) covers the subject of whether the statement made is sufficient without further investigation as to the facts. Counsel is supposed to pass upon that question, and his advice honestly given and honestly acted upon to preclude any successful claims of negligence or imprudence on the part of the prosecutor as held in the cases cited to our attention by the learned counsel for appellant and others. Johnson v. Miller, 69 Iowa, 562, 29 N. W. 743; Dunlap v. New Zealand F. & M. Ins. Co., 109 Cal. 365, 42 P. 29; Holliday v. Holliday, 123 Cal. 26, 55 P. 703; Gillispie v. Stafford, 96 N. W. 1039, 4 Neb. (unofficial) 873; Hess v. Oregon German Baking Co., 31 Ore. 503, 49 P. 803." (Parenthesis ours.)

It was stated in Nelson v. Peterman, supra (119 Okla. at 127, 249 P. at 335), that:

"It is not enough that 'he fairly tell all he knows,' if he closes his ears and eyes to all he could or should have known."

That is good reasoning if it is not carried to undue lengths, but it should not be construed as changing the rule announced in Roby v. Smith, supra, as copied above. It is but another way of saying that he has not made a complete disclosure to counsel, or, in other words, that he has not made known to counsel those facts which should put him on inquiry, but has kept them to himself. Clearly the theory of Roby v.

Smith, supra, is that counsel is as good or better judge than he is, of the duty and possibly the manner of making further inquiry, provided counsel is completely informed as to the basic or inciting facts which would lead to discovery of the further information. Roby v. Smith, supra, is the rule in this state on this question, the reason underlying it being that when a party consults counsel in this state, and has made him a complete, full, frank disclosure of the facts within his knowledge, he has the right to rely on that counsel's advice not only as to the legal effect but also as to the legal **sufficiency** of the facts furnished. The rule does not relieve him of the duty to impart to counsel those facts as to which he is not permitted to "close his ears and eyes," for in that situation he has not made a "complete" disclosure.

The remaining defendant, Williams, was the owner of the mortgage. Other than the testimony of one witness, who merely saw him standing in a corridor of the courthouse talking with the other defendant on the day when the search warrant was issued, there is no evidence whatsoever connecting him with procurement of the warrant. It is pointed out by plaintiff that this defendant was quite prompt in filing his foreclosure action as soon as a default in interest payment occurred. Remarks of that defendant which might have indicated ill feeling against plaintiff are also emphasized. These things are not connected in any manner with the issuing, or the causing of the issuing, of the search warrant, and there is no evidence indicating that he as much as knew that a search warrant was being issued.

The judgment is reversed and the cause is remanded, with directions to enter judgment for the defendants.

RILEY, CORN, GIBSON, and HURST, JJ., concur.