### John M. Glenn, Appellant, v. Andrew M. Lawrence and Roy D. Keehn, Appellees.

### Gen. No. 21,853.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. RICH-ARD E. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed March 20, 1917.

### Statement of the Case.

Action by John M. Glenn, plaintiff, against Andrew M. Lawrence and Roy D. Keehn, defendants, for malicious prosecution. From a judgment for defend-

ants on a directed verdict at the close of plaintiff's evidence, plaintiff appeals.

ZANE, MORSE & McKINNEY, for appellant.

MAYER, MEYER, AUSTRIAN & PLATT, for appellees.

MR. JUSTICE McGOORTY delivered the opinion of the court.

## Abstract of the Decision.

1. MALICIOUS PROSECUTION, § 74*—*what plaintiff must prove.* To maintain an action for malicious prosecution, the plaintiff must show that the defendants acted from malicious motives in prosecuting him and that the defendants had no sufficient reason to believe him guilty, and the action must fail if either of these elements is wanting.

2. MALICIOUS PROSECUTION, § 75*—*how want of probable cause must be proved.* The want of probable cause, though negative in character, must be proved by the plaintiff by some affirmative evidence, in an action for malicious prosecution.

3. MALICIOUS PROSECUTION, § 75*—*what evidence is sufficient to establish want of probable cause.* Slight evidence will usually suffice in establishing a want of probable cause, in an action for malicious prosecution.

4. MALICIOUS PROSECUTION, § 7*—*what constitutes probable cause.* Probable cause which will relieve a prosecution from liability consists in the party's belief in the guilt of the accused based on circumstances sufficiently strong to evidence such belief in the mind of a reasonable and cautious man.

5. MALICIOUS PROSECUTION, § 75*—*when evidence tends to show that defendants acted upon probable cause in swearing to complaint for criminal libel.* In an action for malicious prosecution, where the evidence tended to show that the defendants had sworn to a complaint against the plaintiff charging the latter with criminal libel after the State's Attorney had caused his assistant to examine the alleged libelous publication and report thereon, and that the judge of the court to whom such complaint was presented had indorsed thereon that he had examined the complaint and was satisfied there was probable cause for filing the same, and that upon dismissal of such complaint a further complaint was pre-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Glenn v. Lawrence et al., 204 Ill. App. 411.

sented on the same charges to another judge and later to the grand jury, *held* that such facts tended to show the defendants had acted upon probable cause in swearing to said complaint.

6.  MALICIOUS PROSECUTION—*what is issue in action for in prosecuting for criminal libel.* The question to be tried in an action for malicious prosecution for criminal libel is not whether the plaintiff was guilty of criminal libel but whether the defendants had reasonable grounds to believe and did actually believe the plaintiff guilty.

7.  MALICIOUS PROSECUTION, § 75*—*what is not evidence of want of probable cause in instituting a criminal prosecution.* The voluntary dismissal of a criminal prosecution is not evidence of want of probable cause in instituting it, in an action for malicious prosecution, even though such dismissal was at the instance of the prosecuting witness.

8.  MALICIOUS PROSECUTION, § 75*—*what is not prima facie evidence of want of probable cause in arraignment of accused.* The discharge of the accused by an examining magistrate is not prima facie evidence, in an action for malicious prosecution, of a want of probable cause in his arraignment.

9.  MALICIOUS PROSECUTION, § 75*—*what is not evidence of want of probable cause in presentment of indictment.* The return of a "no bill" by a grand jury is not evidence of want of probable cause in the presentment to it of an indictment, in an action for malicious prosecution.

MCDONALD, J., concurring specially.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.