**GOAD et al. v. BROWN.**

No. 9069—Opinion Filed June 11, 1918.

Rehearing Denied Oct. 22, 1918.

(175 Pac. 767.)

### Malicious Prosecution—Defenses—Malice—Probable Cause—Advice of Counsel.

In an action for malicious prosecution, it is a valid defense for the defendant to show that he sought the advice of competent counsel, and made a full disclosure of all the facts reasonably obtainable to him, and in good faith acted upon such advice; and an instruction requested by the defendant in such action, to the effect that where the prosecutor, before instituting criminal proceedings, obtains advice of counsel, and at the time of obtaining such advice communicated to him all the facts bearing on the case of which he had knowledge, or could have obtained by reasonable diligence and inquiry, and acted upon the advice given him honestly and in good faith, the absence of malice is established, the want of probable cause negatived, and an action for malicious prosecution cannot be maintained, should have been given.

(Syllabus by Hooker, C.)

Error from District Court, Tulsa County; W. C. Crow, Assigned Judge.

Action by Claud Brown against W. E. Goad and others. Judgment for plaintiff, and defendants bring error. Reversed, and cause remanded for new trial.

N. A. Gibson, J. L. Hull, and T. L. Gibson, for plaintiffs in error.

John Caruthers, for defendant in error.

Opinion by HOOKER, C. This is an action for malicious prosecution by the defendant in error against the plaintiffs in error, and it appears that in December, 1913, a criminal complaint was filed before a justice of the peace in Tulsa county against the defendant in error, charging him with larceny of a domestic animal, to wit. a steer, the property of one of the plaintiffs in error. Brown was arrested, and his case was set down for hearing on the 7th day of February, 1915, and upon that date was dismissed for want of prosecution. This order of dismissal was due to a failure of the plaintiffs in error to appear and prosecute the case, owing to the lack of notice and a failure of the county attorney's office of Tulsa county to notify them or to have witnesses subpoenaed for the trial. On the 14th day of March, 1914, the plaintiffs in error filed another complaint before the same justice of the peace, charging the said Brown with the same offense. He was afterwards tried and discharged. Thereupon this action was insti-

tuted by him against the plaintiffs in error to recover damages alleged to have been caused to him by reason of the prosecutions above set forth.

The answer of the defendants consisted of a general denial, and a further defense that, before filing either complaint against Brown, said plaintiffs in error had disclosed all knowledge of the facts relating to the crime to the deputy county attorney of Tulsa county, and in good faith acting upon the advice given to them by said official they instituted these prosecutions. It is further alleged that the prosecutions were not malicious, and were not without probable cause, and that the plaintiff in error Bell believed, and had good cause to believe, that said Brown was guilty of the charge alleged, and that by reason of the facts and circumstances, as well as by the advice given by the deputy county attorney of Tulsa county, they were justified in filing the complaints above stated.

A reply was filed thereto, denying the new matter contained in the answer.

This court in El Reno G. & E. Co. v. Spurgeon, 30 Okla. 88, 118 Pac. 397, has held:

"In an action for malicious prosecution, growing out of a criminal prosecution of the plaintiff, where the prosecutor, before instituting the criminal proceedings, obtained the advice of the county attorney, and then and there communicated to him all the facts bearing on the case of which he had knowledge, or could have obtained by reasonable diligence and inquiry, and acted upon the advice given honestly and in good faith, the absence of malice is established, the want of probable cause negatived, and an action for malicious prosecution will not lie."

And in said case it is further said:

"In an action for malicious prosecution, where the undisputed evidence shows that the prosecutor sought the advice of competent counsel, and made a full disclosure of all the facts reasonably obtainable, and in good faith acted upon such advice, probable cause for the institution of the criminal prosecution is established, notwithstanding the subsequent acquittal of the accused."

And it is further held:

"In an action for malicious prosecution, the burden of proof is upon the plaintiff to prove want of probable cause, and where the uncontroverted evidence shows that the prosecutor laid all the facts before competent counsel, and acted in good faith upon the advice given, he is exonerated from all liability."

In the opinion in this case the court said:

"It may be stated as a general rule that, where a party has communicated to his coun-

sel all the facts bearing on the case of which he has knowledge, or could have obtained by reasonable diligence and inquiry, and has acted upon the advice received honestly and in good faith, the absence of malice is established, the want of probable cause is negatived, and the action for malicious prosecution will not lie. [See authorities cited.] In such cases it must appear that the counselor is a regular attorney, licensed to practice under the laws of the state in which he resides, and competent to give advice on legal matters. Attorneys at law are regarded as officers of the court, and it is upon grounds of public policy where a party has been advised by any attorney in active practice, upon full consideration of the facts, to institute a criminal prosecution, if he acts in good faith under the advice given him, he shall not be mulcted in damages, although the party accused may be innocent of the crime alleged against him. If this were not the law, no one would be safe in preferring a complaint against another for a criminal offense."

And in Newell on Mal. Pros. 315, it is said:

"The policy of the law is to encourage prosecution, when there are facts and circumstances that would induce the belief in the mind of a reasonable and cautious man of the guilt of the party accused. In such cases, the advice of competent counsel, if given and acted upon in good faith upon a full disclosure of all the facts, has uniformly been held to constitute probable cause for instituting a criminal prosecution, notwithstanding it may afterwards appear that the party accused was not guilty."

In the trial of this cause the plaintiffs in error testified that they had advised with their attorney, Hon. N. A. Gibson, of Muskogee, and had disclosed to him all the facts, and the evidence further shows that Mr. Gibson knew every detail of the controversy existing between the parties to this action, and the defendants below requested the court to instruct the jury as follows:

"You are further instructed that where a prosecutor, before instituting criminal proceedings, obtains advice of counsel or the advice of the county attorney, at the time of obtaining such advice communicated to the counsel or county attorney all the facts bearing on the case of which he had knowledge or could have obtained by reasonable diligence and inquiry, and that he acted upon the advice given him honestly and in good faith, the absence of malice is established, the want of probable cause negatived, and the action for malicious prosecution will not lie."

This the court refused to give. This court has often held that in an action for malicious prosecution the question of what amounts to probable cause is one of law for the court, and that it is the duty of the court, when evidence has been given to prove or disprove probable cause, to submit to the jury its credibility, with the instruction that certain facts amount to probable cause, or they do not, as the case may be. See Dunnington v. Loeser, 48 Okla. 636, 149 Pac. 1161, 150 Pac. 874.

In the trial of this cause the court adhered to the law as outlined above. We have carefully considered the instruction of the court upon that proposition, and do not find the same subject to the criticism offered by the plaintiff in error. As we view it, the court told the jury what constituted probable cause, and submitted to the jury the credibility of the evidence, for the jury to determine whether or not the facts and circumstances were sufficient to bring the case within the definition of probable cause as defined by the court in its instruction.

The court also submitted to the jury the proposition that the defendants below acted upon the advice of counsel, in that, before the institution of the criminal complaints against the plaintiff in error, the prosecutor had laid before the county attorney of Tulsa county all of the facts and circumstances within his knowledge or readily discoverable, and thereby instructed the jury that if this was true, and that the prosecutor acted upon the advice thus given in good faith, the absence of malice was established, the want of probable cause negatived, and that an action for malicious prosecution would not lie. In this case, however, it was the contention of the defendant in error in the trial of the case in the court below that the prosecutor had not related to the county attorney all of the facts and circumstances applicable to these transactions.

It appears from the evidence that the prosecutor did not communicate to the county attorney the explanations given and statements made by the accused, the defendant in error, when the steer, which he is charged with having stolen, was found in his possession, nor did the prosecutor relate to the county attorney certain other facts as to the existence of a controversy between the defendant in error and some of the prosecutors with reference to the possession of some real estate which was then in the possession of the defendant in error, Brown, and which some of the plaintiffs in error were attempting to remove him therefrom, and the offer made by the plaintiffs in error not to file any criminal prosecution if he would voluntarily surrender the possession of this real estate.

After a careful consideration of this entire evidence, we are of the opinion that these matters which the prosecutor failed to relate to the county attorney were material, and

that by failing so to do they did not relate all of the facts within their possession, and therefore are not entitled to be relieved in this action by reason of the advice of the county attorney in the premises. However, it is perfectly apparent that Mr. Gibson was fully cognizant of all the facts and circumstances connected with the case, and, if the plaintiffs in error acted upon his advice in good faith, the absence of malice would be established, and the want of probable cause negatived, and this should have been submitted to the jury.

The judgment of the lower court is therefore reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.