**KIEFER v. PETERS, County Supt.**

No. 14253—Opinion Filed July 24, 1923.

1. **Schools and School Districts—Removal of District Officer—Hearing—Disqualification of County Superintendent.**

The law does not provide for disqualifying a county superintendent to hear a removal proceeding against a school dis-

trict officer on the ground of prejudice or bias against the officer.

## 2. Same—Procedure—Mandamus to Compel Disqualification.

The grounds and procedure for disqualifying judges in the trial of causes before them do not apply to executive officers in the performance of their official duties in hearing removal proceedings against a school district officer. Therefore a writ of mandamus will not run against a county superintendent of public instruction to compel her to disqualify in the hearing of the proceeding.

## 3. Same—Wrongful Removal—Remedy.

If a county superintendent of public instruction should wrongfully remove a school district officer, or do so without sufficient cause, the law will afford ample relief in preventing the order of removal from going into effect.

## 4. Same—Refusal of Mandamus— Affirmance.

The trial court did not commit error in refusing to grant the writ of mandamus against the defendant, requiring her to disqualify to hear the removal proceeding against the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from Superior Court, Creek County; J. Harvey Smith, Judge.

Action by B. L. Kiefer against Hallie Peters, as County Superintendent of Public Instruction for Creek County, for a writ of mandamus. Writ denied. Plaintiff brings error. Affirmed.

C. F. Chapman, for plaintiff in error.

Leroy J. Burt, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff heretofore commenced his action in the superior court of Creek county, for a writ of mandamus to compel the defendant to certify her disqualification to hear a removal proceeding against the plaintiff for removal as clerk of the school board. The cause came on for hearing on the 24th day of March, 1923, and the writ was by the trial court denied. B. L. Kiefer is clerk of school district No. 59, in Creek county. Hallie Peters is the county superintendent of public instruction within and for Creek county, Okla. It appears from the record that heretofore, and on or about March 10, 1923, the defendant commenced or was in the act of commencing removal proceedings against the plaintiff for alleged wrongful acts committed in his official capacity. The county superintendent was acting under and by virtue of section 10353, Compiled Stats. of 1921. The section in question provides that if any officer, director, clerk, or member of any school board should refuse or neglect without sufficient cause, to qualify within 20 days after his election or appointment, or if he shall after qualifying neglect or refuse to perform the duties of his office as required by the provisions of the statute relating to the conduct of public schools, he shall forfeit his right to the office and the county superintendent of public instruction shall appoint a suitable person in his stead. It is the contention of the plaintiff in this cause that the county superintendent, on account of prejudice and bias against the plaintiff, cannot fairly try and determine the removal proceedings filed before her for the removal of the plaintiff. The plaintiff, proceeding on this supposition, filed his action in the superior court of Creek county to compel the county superintendent to certify her disqualification to hear the removal proceedings. The defendant is an executive officer with her duties defined by statute. There is no provision made by the statute for disqualifying the defendant to hear the cause, nor do we think that the provision of the statute relating to the grounds and procedure for the disqualification of judges applies to executive officers in the performance of their duties as defined by statutes. An executive officer is only disqualified to perform the duties of his office in those cases enumerated by the statutes. The statute has failed to make prejudice and bias a ground for disqualification, as applied to the defendant in trying a removal procedure, and the trial court was not in error in refusing to grant the writ. However, it does not follow that the county superintendent may arbitrarily or wrongfully remove a school officer. If a county superintendent should attempt to remove a school director without sufficient cause, the law will afford ample relief in preventing the order of removal taking effect. We cannot beforehand say that the defendant will improperly or wrongfully exercise her powers in the removal proceedings against the plaintiff. However, as before stated, if the power is wrongfully exercised and the removal ordered without adequate showing, the law will afford ample relief in preventing the order from going into effect.

Therefore we recommend that the judgment be affirmed.

By the Court: It is so ordered.