## HAFFNER v. FIRST NAT. BANK OF SEILING et al.

No. 20355.    Opinion Filed Oct. 6, 1931.

I. H. Lookabaugh and S. A. Horton, for plaintiff in error.

A. J. Welch, for defendants in error.

CLARK, V. C. J. This action was commenced in the district court of Dewey county by John F. Haffner, plaintiff in error herein, who was plaintiff below, against the First National Bank of Seiling, Okla., and T. L. Davis, defendants in error herein, who were defendants below. The parties will be referred to as they appeared in the trial court.

Plaintiff alleged in his petition and amendment thereto that the defendant T. L. Davis was at all times therein mentioned one of the acting and managing officers of the defendant First National Bank, and personally transacted most, if not all, of the business of said bank with the plaintiff.

That the defendants maliciously, unlawfully, knowingly, wrongfully, willfully, and oppressively, and without probable cause, caused plaintiff to be arrested, charging the plaintiff with the crime of disposing of mortgaged property while, it was claimed by defendants, said alleged mortgage was in full force and unsatisfied, when in truth and fact said defendants well knew that no such mortgage ever existed, as such instruments were and are supposed to exist, but that the al-

leged mortgage was given for the sole use and benefit and at the special instance and request of the defendant First National Bank, for whose use and benefit said mortgage was given, and that said bank kept and retained all proceeds of said note and mortgage; but that the note and mortgage was executed and delivered for the accommodation of said bank.

That defendants well knew that no debt of any kind was due and owing by plaintiff on said note and mortgage at the time they alleged plaintiff had unlawfully and wrongfully disposed of said property, and that said prosecution was had by defendants maliciously, unlawfully, willfully, knowingly, wrongfully, and oppressively and without cause whatever, but for the purpose of trying to extort said money from the plaintiff, which he did not owe.

That defendants unlawfully, maliciously, wrongfully, oppressively, and without any cause whatever caused a warrant to be issued for the arrest of the plaintiff and without probable cause caused plaintiff to be arrested on such warrant and imprisoned and restrained of his liberty for a period of about one day.

That upon a hearing of said charge in the district court, and after hearing the evidence adduced by the state, the motion of the defendant for instructed verdict was sustained by the court, and the jury advised to bring in a verdict for the defendant, and the jury returned a verdict of not guilty and the charge was thereby terminated and ended.

Plaintiff further alleged that said prosecution was wholly unfounded and without cause, and the same was begun, carried on, and prosecuted by the defendants from malice toward the plaintiff, the defendants well knowing plaintiff was innocent. Plaintiff alleged that he was put to great trouble and expense in his defense and became liable for great sums of money, his expenses being $500; and by damage for loss of time and detention from his business, $500; and was subjected to the loss of health and nervous prostration by reason of said arrest, detention, prosecution, and imprisonment to his damage of $2,000; and that the plaintiff was permanently injured in his reputation and business by reason thereof and damaged in the sum of $2,000; and further pleaded that by reason of said facts he is entitled to exemplary damages in the sum of $1,000.

The defendants by way of answer denied the allegations of petition and amendment, and alleged that they were untrue. Further alleged the allegations of the petition and the amendment thereto are conflicting and inconsistent under the change of theory. Defendants denied that the criminal prosecution terminated in favor of the plaintiff, but allege that the demurrer and motion were sustained upon the grounds that the evidence failed to prove the commission of the offense in Dewey county; and that the offense was in fact committed as shown by the evidence in said cause, but not committed in said Dewey county.

Defendants further say that before said prosecution was instituted they made a fair and complete statement of all of the facts to the county attorney and to Tom Ruble, both of whom were and are reputable and able lawyers, and members of the Dewey county bar, and were advised by said attorneys that said offense of disposing of mortgaged property had been committed, and pursuant to which statement and advice the county attorney instituted the prosecution.

Defendants denied that there was any malice or ill will that prompted said prosecution, but that the crime was committed by the plaintiff in his attempt to defeat the payment of an honest debt, which he owed and still owes the bank, and that whatever part taken by the defendants therein was only a good faith attempt to aid in enforcement of the law of the state for the protection of themselves and other citizens thereof.

A jury was selected and sworn in said cause; plaintiff introduced his evidence and rested. The defendants interposed a demurrer to plaintiff's evidence and also a motion for a directed verdict. The demurrer was sustained by the court and the jury was instructed to return a verdict for the defendants. The jury under said instruction returned a verdict for the defendants, to which the plaintiff excepted, motion for a new trial was filed by the plaintiff, same was overruled, to which order plaintiff excepted and gave notice of appeal to the Supreme Court, and the plaintiff brings the cause here for review upon petition in error and case-made.

A number of assignments of error are set out in the petition in error, which are presented together in the brief of plaintiff under the following assignment:

"The learned trial court erred in sustaining the demurrer interposed by the defendants in error to the evidence of the plaintiff in error for the reason that the evidence shows a case for the jury."

In the case of Thelma Oil & Gas Co. v. Sinclair Gulf Oil Co., 97 Okla. 5, 222 P. 686,

this court in the first paragraph of the syllabus, held:

"In an action for malicious prosecution, the burden of proof is upon the plaintiff to establish by the evidence want of probable cause and malice in instituting the proceeding, but where the evidence of the plaintiff fails to show malice and the absence of probable cause in prosecuting the proceedings complained of, it is not error for the court to sustain a demurrer to the testimony."

And this court held, in the case of Coleman v. Strong, 105 Okla. 282, 232 P. 378, that the requisite averments for the maintenance of an action for damages for malicious prosecution of an action are:

(a) The prosecution of the original suit by the present defendant.

(b) Termination in favor of plaintiff.

(c) Malice and want of probable cause.

(d) Damages.

The plaintiff testified that he had dealings with the defendant bank, and that the defendant T. L. Davis is an officer of said bank. That sometime in 1926, a prosecution was instituted against him by the said defendant bank. When asked who signed the complaint, the plaintiff answered: "A. I think Davis." That he was arrested for selling mortgaged property, brought to town, and made bond, the case was tried in November 1926, the jury was instructed to return a verdict of not guilty and he was discharged. That in 1921, one Walter Fipps and Jim Fipps owed the defendant bank and the defendant bank had a mortgage on their stock. That the bank took the property covered by their mortgage and brought it to the plaintiff's place.

That Davis endeavored to secure a settlement in the matter from the said Fipps, and secured the plaintiff to go to Walter Fipps to arrange a settlement. That a final agreement was had at plaintiff's house, where Walter Fipps was to take the property, the bank to furnish the feed for a year or until Fipps could get a place to move on. That Fipps and the plaintiff signed a note and mortgage. That plaintiff signed other notes and mortgages to the bank. That a lease was bought from one Bob Rose, for the sum of $175, where the cattle were to be taken to by Walter Fipps, and that the bank would not accept the whole thing on Walter Fipps and the plaintiff would have to sign the note; that Walter Fipps was not security enough, and the plaintiff signed the note and the mortgage for $175 for the lease, and the money was deposited to the plaintiff's credit

in the bank and the plaintiff signed a check for said money to Rose. The note was made payable to the defendant bank; the transaction happened there in the bank. Plaintiff further testified that he gave a mortgage to secure said note for $175 and that the action for which he was prosecuted was for disposing of the property included in the mortgage. That later on Walter Fipps ran out of feed again and he went to the bank and they would not accept his note and that the plaintiff had to give another note in the sum of $110, and the check for the money was given to Walter Fipps. The plaintiff testified that he did not receive any benefit or consideration for the two notes of $175 and $110. That the two notes last mentioned were given in the year 1921, and that the mortgage securing the notes was the one that covered the property that plaintiff was prosecuted for disposing of.

Plaintiff further testified with reference to damages and expenses that he had incurred by reason of the prosecution of the criminal case. On cross-examination the plaintiff testified that he owned the property covered by the mortgage securing the two notes last mentioned. That he never paid anything on the notes; that he never delivered the property covered by the mortgage to the bank; that at the time he was prosecuted the property was pretty near all gone; when asked what he did with the property, plaintiff testified as follows:

"Q. Then what did you do with it? A. Well, I sold it."

Further testified that he did not get permission of the bank to sell the property. That the property was sold in Blaine county and not sold in Dewey county. Plaintiff further testified that the reason he was not convicted was as follows:

"Q. That was the reason you were not convicted here? A. Yes, that is the reason, I reckon."

Plaintiff further testified as follows on cross-examination:

"Q. Were you correct when you said the reason you signed that $110 note was because they would not take Walter Fipps alone? A. They would not take him, yes. Q. And you had to sign as security? A. Yes, sir."

Bob Rose testified that Davis, defendant herein, came to him about buying the lease for Walter Fipps. That he went to the bank; that the plaintiff made out a note and mort-

gage for the amount of the lease and made out a check to the witness.

Walter Fipps testified that he took the property over while the same was in the possession of the plaintiff herein, and gave his note and mortgage therefor, and assumed the debt, and that after he took the property over it was his property. He further testified that the plaintiff herein was his father-in-law.

The information in the criminal case was admitted in evidence and reads in part:

"That John F. Haffner did, in Dewey county, state of Oklahoma, on or about the 1st day of May, in the year of our Lord, One Thousand Nine Hundred and Twenty-Five, and anterior to the presentment hereof, commit the crime of selling mortgaged property with intent to defraud, in the manner and form as follows, to wit:

"That John F. Haffner did, on the 12th day of January, 1925, make, execute, and deliver to the First National Bank of Seiling, Okla., a good and valid chattel mortgage. * * *"

The verdict of the jury therein finding defendant not guilty was admitted in evidence.

The court clerk of said county when on the stand for plaintiff was asked on cross-examination if she knew at what point of the trial that verdict was rendered, which was objected to by plaintiff, and the court made the following remark with reference thereto:

"I don't think it is. Both parties have though in this case declared to the jury emphatically the manner in which the verdict was rendered, and that it was under the instructions of the court."

There is no proof in the record that the defendant T. L. Davis or the bank ever prosecuted the plaintiff. The plaintiff testified that he was prosecuted on a mortgage given to secure the notes made in 1921, when the information introduced shows that the plaintiff was prosecuted on a mortgage given in 1925. Plaintiff further admitted that he executed the note and mortgage as security, had not paid the same, and had sold the stock secured thereby without the consent of the bank, and that the reason he was not convicted was that the property was sold in Blaine county and not in Dewey county.

A careful examination of the entire record in this case discloses that it fails to show that the prosecution of the original suit was by the present defendants; fails to show malice and want of probable cause.

In the case of Bryan v. Lee, 123 Okla. 22,

252 P. 2, in the second paragraph of the syllabus, this court said:

"In such case, where plaintiff's evidence fails to establish absence of probable cause for the criminal prosecution, malice cannot be inferred or implied, and in the absence of proof of legal malice a demurrer to plaintiff's evidence is properly sustained."

And in the case of Thelma Oil & Gas Co. v. Sinclair Gulf Oil Co., supra, in the second paragraph of the syllabus, this court said:

"A demurrer to the evidence admits all of the facts which the evidence reasonably tends to establish, and all the inferences and conclusions which may reasonably be drawn therefrom; but where the evidence introduced is insufficient to sustain a verdict or judgment in favor of the party introducing the evidence, it is not error for the court to sustain a demurrer to such evidence."

For the reasons stated, the judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., absent.