**BELLIS, Ex'x, v. SMITH.**

No. 20854.   Opinion Filed Dec. 6, 1932.

Wilcox & Swank, for plaintiff in error.

Hugh E. Tyson, for defendant in error.

CLARK, V. C. J. This is an action commenced in the district court of Payne county, by the defendant in error, H. C. Smith, against the plaintiff in error herein, John H. Bellis, and one James J. Jenkins, to recover damages for alleged malicious prosecution.

The parties will be referred to herein as they appeared in the court below.

The petition of plaintiff alleged, in substance: That the defendants, and each of them, falsely and maliciously and without reasonable or probable cause, made, prosecuted, and caused to be filed with the county attorney of Payne county, certain affidavits falsely charging the plaintiff with, the crime of embezzlement, and prosecuted and caused to be prosecuted a complaint therefor. Set out the complaint, which charged therein that the defendant unlawfully, wrongfully, and feloniously, while an officer of the private corporation, to wit, Smith-Bellis Company, fraudulently appropriated to his own use and purpose $700 of the money and property of said company. Plaintiff further alleged said prosecution was wholly unfounded and without just cause and was carried on and prosecuted by the defendants with malice toward the plaintiff and with intent and purpose to wrong and injure him, said defendants well knowing at the time and before the commencement of said prosecution that plain-

tiff was innocent of said charge; and that same was groundless and without cause. Further alleged and set out specific items of actual damages and also asked for punitive or exemplary damages.

The defendant James J. Jenkins filed answer by way of general denial.

Defendant John H. Bellis filed answer by way of general denial, and specific denials; and alleged plaintiff was an officer and general manager of Smith-Bellis Furniture & Undertaking Company, a corporation; that the store, under the management of plaintiff, became heavily involved. Audit was made: company was adjudged a bankrupt; assets sold to satisfy creditors. A report was made to defendant by the auditor concerning an item of $700 which had been collected by plaintiff but did not show on the books of the company. Defendant obtained affidavits from the auditor and bookkeeper, concerning said transaction, which were presented to the county attorney, and that defendant made a full, free, and complete statement of all material facts within his knowledge, which this defendant had reasonable grounds to believe existed, and of such facts as he could have obtained by the exercise of reasonable diligence and inquiry, and the county attorney advised defendant from such statement and affidavits that the plaintiff was guilty of the crime of embezzlement, and thereupon the county attorney drew, signed, and swore to the complaint.

Plaintiff, by way of reply, denied the allegations of new matter set up in the answer.

The jury returned a verdict against defendant J. H. Bellis in the sum of $2,500, and verdict in favor of the defendant James J. Jenkins.

Motion for new trial of J. H. Bellis was overruled, and the defendant brings the cause here for review.

Since this appeal the plaintiff in error, J. H. Bellis, died testate and the cause has been revived.

The plaintiff in error in the presentation of this cause presents and argues only two propositions:

"1. That the demurrer of the defendant to the evidence should have been sustained.

"2. Error of the court in giving to the jury, over the objection of plaintiff in error, instruction No. 5."

The defendant interposed a demurrer to

the evidence of plaintiff, which was overruled; and defendant moved at the close of the case for an instructed verdict, which was overruled, and exceptions saved.

With reference to the first proposition, the evidence of the plaintiff discloses that the plaintiff purchased an undivided one-half interest in the Smith-Bellis Furniture & Undertaking Company, a corporation, became vice president and manager thereof, and that the defendant John H. Bellis was president of said company. That an undivided one-half interest in the undertaking part of the business was sold to one H. A. Davis, and the undertaking business was conducted separately under the name of the Davis-Smith Undertaking Company. That later the plaintiff herein, without the consent of the board of directors of the corporation, sold the other one-half of said undertaking business to H. A. Davis for the sum of $700. That a record was not made upon the books with reference to the sale of one-half interest to Davis of $700. And that it was agreed between plaintiff and Davis that if the business of Smith-Bellis Furniture & Undertaking Company went on smoothly in the future the sale of this one-half interest would be rescinded and Davis would be returned his $700, and that was the reason an entry of said sale was not made upon the books. That the check for the $700 was deposited in the bank to the credit of the Smith-Bellis Company, and that the plaintiff purchased two drafts, one for $200 and one for $505, payable to creditors of the Smith-Bellis Furniture & Undertaking Company, and mailed the same to them.

That thereafter a petition in bankruptcy was filed against the corporation, and thereafter, at a meeting of the directors, the sale of the undertaking business was taken up, and that the plaintiff advised the defendant Bellis that he had gotten $700 for a one-half interest in the undertaking business and advised him that he had deposited the money in the bank and showed the defendant two accounts that he had paid with the money. This information was given to the defendant by the plaintiff on the 13th day of January, 1927.

That the defendant Bellis never asked him after that to account for the $700. No demand was made on him by the trustee in bankruptcy therefor. That the next time the plaintiff heard of the $700 transaction was when he was arrested on March 30, 1928, which was after the bankruptcy case

had been closed. That plaintiff was arrested, made bond, had a preliminary hearing before the county judge upon the charge of embezzlement, and was discharged. Plaintiff testified as to his damages.

Plaintiff's evidence further discloses, by the testimony of the banker and the deposit slip, that $700 was deposited in the bank to the credit of Smith-Bellis Company on December 6, 1926, being a check of H. A. Davis, which was the date of the sale of the one-half of the undertaking business by plaintiff to Davis.

Plaintiff's evidence further disclosed, by exhibits, two drafts, one for $200 and one for $505, dated on December 6, 1926, payable to the two creditors of said corporation.

Plaintiff's evidence further disclosed an affidavit by the auditor of the books of the corporation disclosing the following statement:

"And that check for the sum of $700 given by H. A. Davis of Cushing, Oklahoma, was not deposited to the credit of said corporation and no record made of the transaction on the company's books after it was cashed by H. C. Smith, * * * that he is in position to know of his own personal knowledge that the proceeds of the above named check for $700 was not placed to the credit of the corporation after it was cashed by H. C. Smith. * * *"

The county attorney testified that the affidavits were mailed to him by the defendant John H. Bellis. That other information he had, other than the affidavits, he considered as hearsay.

The complaint charging the plaintiff with embezzlement of the $700 of the money and property of the Smith-Bellis Company was signed and sworn to by the county attorney. The warrant and service thereon on plaintiff and the indorsement of the county judge showing a discharge of the plaintiff, for the reason that there was not sufficient cause to believe him guilty, were admitted in evidence.

In the case by this court of Lindsey v. Couch, 22 Okla. 4, 98 P. 973, in the first paragraph of the syllabus, this court said:

"In an action for malicious prosecution, proof of the fact that a United States Commissioner, acting as an examining magistrate, after a hearing, had discharged the accused, is prima facie evidence of the want of probable cause for instituting the prosecution."

We are of the opinion that the plaintiff made out a prima facie case and that the court did not err in overruling the demurrer of the defendant to plaintiff's evidence.

The evidence on the part of the defendant disclosed that more than a year prior to the time of the institution of the prosecution, the defendant Bellis, in his direct examination, testified Davis had told him that he had bought all of the undertaking business from Smith, and further testified that when he, defendant, talked to the plaintiff, the plaintiff admitted that he had sold the other one-half interest to Davis for $700.

Defendant testified that the auditor advised him that the books did not show where the company had received credit for the $700, and he further testified that he went to the county attorney and talked to him about the matter and told him what the auditor's report stated. That it appeared that the corporation never got this $700. That the county attorney asked him if he could make an affidavit to it, and he advised him that he could not, that the corporation had employed an auditor and that he was giving the information from the report and that he could furnish an affidavit of the auditor and of the bookkeeper; and the defendant testified that he dictated the affidavits from what they told him and had them signed and mailed to the county attorney. That the preliminary hearing was the first that he had heard as to the disposition of the $700.

On cross-examination the defendant admitted that the auditor had told him that the plaintiff had made some explanation to him and that the auditor had checked his explanation and could not find any record of it. The defendant testified that he did not make any investigation of the explanation. That the explanation to the auditor by plaintiff, according to what the auditor advised defendant, was that plaintiff had bought some drafts with the money and paid some accounts.

On cross-examination of the defendant, the defendant's testimony given in bankruptcy hearing was introduced and admitted in evidence, which testimony was given more than a year prior to the institution of the criminal complaint, wherein the defendant testified that plaintiff, Smith, had sold or attempted to sell the interest for $700, in the undertaking business, but had made no record on the books, and that it had come out that he got $700 cash and

that he had bought a draft for $200, which went to pay for having a sale for the company, and also another for $505 went to pay for caskets. That he considered the information second-hand because he did not dig into it himself; that he did not go to the bank and try to ascertain whether plaintiff did in fact deposit the $700 or buy the drafts, and did not check the accounts to see whether paid. That he did not advise the county attorney what he had heard.

The county attorney testified that he did not know there was any explanation of the matter at all until the preliminary examination. That if the defendant had told him, or the affidavits contained the statement that plaintiff took the $700 to the bank and deposited it to the credit of the Smith-Bellis Company and at the same time purchased drafts therewith payable to the creditors and mailed them to the creditors, and that they were creditors of the Smith-Bellis Company, that he would not have advised defendant that an embezzlement had been committed without an investigation at the bank.

We are of the opinion that, under the evidence, the trial court did not err in denying the motion of defendant Bellis for instructed verdict.

Under proposition No. 2, error is predicated on a part of instruction No. 5 which reads as follows:

"* * * and in this case you are advised that the finding and order of the county judge made at the preliminary hearing wherein the said county judge found no reasonable cause to believe the plaintiff guilty of the offense charged, and ordered him discharged, raises the presumption of want of probable cause, and in the absence of convincing proof to the contrary you will find that there was want of probable cause for the institution of said prosecution, and if you so find from a preponderance of the evidence, then your verdict on that issue should be in favor of the plaintiff. * * *"

We are of the opinion that the court by instructing the jury "and in the absence of convincing proof to the contrary * * *" placed a greater burden upon the defendant than is required in a civil action such as the one at bar. The burden at all times was upon the plaintiff to prove his case by a preponderance of the evidence, and when he introduced sufficient proof to make out a prima facie case, it then devolved upon the defendant to introduce sufficient proof, however slight, to meet the prima

facie case of the plaintiff to defeat the plaintiff's case, or require the plaintiff to proceed further and prove want of probable cause by a preponderance of the evidence; and we are of the opinion, from the evidence introduced in this case, that this burden, placed upon the defendant by the trial court, was given great weight by the jury, and was reversible error.

The judgment of the trial court is reversed, with directions to grant plaintiff a new trial.

RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.

---

### On Rehearing.

McNEILL, J. Counsel for defendant in error states in his petition for rehearing "that to reverse the cause and order a new trial when no new trial can be had will result in miscarriage of justice and deprive the plaintiff of all the rights which the law afforded him in such case." We have re-examined the record and adhere to the views expressed in our former opinion, with the exception as to the reversal of the cause for a new trial. The defendant below, John H. Bellis, against whom the judgment was obtained, died while the action was pending on appeal in this court, wherein he was plaintiff in error. The action was revived in this court. We reverse the judgment of the trial court. Section 823, C. O. S. 1921 [O. S. 1931, sec. 569], provides as follows:

"No action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander, malicious prosecution, for a nuisance or against a justice of the peace for misconduct in office, which shall abate by the death of the defendant."

By reason of the death of said decedent, the aforesaid section of the statute is applicable, and said plaintiff cannot have a recovery against said decedent, John H. Bellis. The court is directed to enter judgment that the action abate. See Loeser v. Loeser, 50 Okla. 249, 150 P. 1045; also Denslow v. Hutchinson, 152 Ill. App. 502.

CLARK, V. C. J., and HEFNER, ANDREWS, SWINDALL, and KORNEGAY, JJ., concur. LESTER, C. J., and RILEY and CULLISON, JJ., absent.