### 22288. HARBER *v.* DAVISON-PAXON COMPANY.

STEPHENS, J.  1. Where a married woman "opened a charge account" with a merchant, and afterwards from time to time "purchased necessaries of life for herself and baby" from the merchant, and the goods so purchased were not paid for, the merchant had probable cause to institute suit against her to recover the purchase-price of the goods so furnished.

2. Probable cause for the institution of proceedings in court is supported

by such facts as would authorize an honest belief in the prosecutor, as a reasonable and prudent person, that the "action and the means taken in prosecution of it are just, legal, and proper." 38 C. J. 417. Since the existence of fraud may be inferred from established facts, a suit to recover the value of merchandise obtained by the defendant from the plaintiff, where it is alleged in the petition that the defendant procured the merchandise fraudulently by falsely representing to clerks in the plaintiff's store that the defendant had a charge account with the plaintiff, is not necessarily instituted and carried on without probable cause as to the existence of the fraud alleged, although the facts alleged may not in fact have constituted fraud. Therefore an allegation in the petition, in a suit by the defendant against the plaintiff, to recover for a malicious use of process, that the "allegations of fraud" contained in the petition in the suit complained of were "false and unwarranted," is not an allegation that the suit complained of, in so far as fraud was charged, was instituted without probable cause.

3. Applying the above rulings, the petition failed to set out a cause of action for a malicious use of process. The court properly sustained the general demurrer.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 15, 1933.

*Eldon Haldane,* for plaintiff.
*Alston, Alston, Foster & Moise, W. H. Sibley,* for defendant.