### SCHEIRMAN v. PEMBERTON.

No. 26937.   June 1, 1937.

Karl D. Cunningham, for plaintiff in error.

T. R. Blaine, for defendant in error.

RILEY, J. P. L. Scheirman commenced this action to recover on account of a malicious prosecution. The defendant's demurrer to plaintiff's petition was sustained, and plaintiff appealed. Pending the appeal, and on January 2, 1937, plaintiff died. Defendant below, defendant in error, moved to dismiss, contending that the cause of action does not survive the death of plaintiff.

The action for malicious prosecution did not at common law survive the death of plaintiff. Likewise in Bellis v. Smith, 160 Okla. 294, 17 P. (2d) 975, and Loeser v. Loeser, 50 Okla. 249, 150 P. 1045, this court held that the cause of action for malicious prosecution abated upon the death of defendant.

In Alles v. Interstate Power Co. et al., 176 Okla. 252, 55 P. (2d) 751, we held that a civil action for libel did not survive where plaintiff died before judgment.

By section 568, O. S. 1931 (Okla. Stats. Anno. title 12, sec. 1051), the causes of action which survived at common law were enlarged. However, the action for malicious prosecution was not included within the enlargement.

Section 569, O. S. 1931 (Okla. Stats. Anno. title 12, sec. 1052), has been held in the cause last above cited to be a procedural statute which does not operate to grant survival in the class of cases here involved, and such as are stated in the section, and made by the statute to abate by the death of the defendant.

Since the cause of action for malicious prosecution cannot survive by any grant of right under the latter section, and since the enlargement of the rule applicable at common law by the former section did not extend to the action for malicious prosecution, the cause of action must be held to abate. State ex rel. Mitchell v. City of Shawnee et al., 167 Okla. 582, 31 P. (2d) 552, 92 A. L. R. 948.

The action is dismissed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, PHELPS, CORN, GIBSON, and HURST, JJ., concur.