## JOHNSON v. MOSER.

No. 27570.   Oct. 19, 1937.

John W. Whipple, for plaintiff in error.

J. M. Springer and Robert L. Hert, for defendant in error.

PER CURIAM. This action was instituted in the district court of Payne county by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, and the American Surety Company, to recover damages alleged to have been sustained as the result of a malicious civil prosecution. The American Surety Company is not a party to this appeal. The circumstances out of which this litigation arose will be briefly stated. The defendant was the county superintendent of Payne county and the plaintiff was the clerk of school district No. 92 in said county. On August 2, 1935, the defendant cited the plaintiff to appear before her and show cause why he should not be removed as clerk of said school board. In obedience to this citation plaintiff appeared before the defendant on August 5, 1935, at which time the defendant heard evidence and took the matter under advisement until August 20, 1935, when she made an order attempting to remove the plaintiff from his office. Plaintiff appealed from said order to the county court and was successful in getting a judgment in said court vacating the order theretofore made by the defendant. Plaintiff subsequently brought certain proceedings in the district court, wherein the action of defendant in attempting to remove the plaintiff was annulled and held void for want of authority. The defendant thereupon cited plaintiff to appear before her again and show cause why he should not be removed from office. Plaintiff thereupon applied to and procured from the district court an injunction enjoining the defendant from any further proceedings against him. Defendant thereupon ceased her efforts to remove the plaintiff, and shortly thereafter this action was commenced. Plaintiff sought to recover the sum of $1,125 for moneys expended and obligated and injury to his credit and reputation. The cause was tried to a jury. Defendant interposed a demurrer to the evidence of the plaintiff, which was overruled, and a motion for a directed verdict, which was denied. The jury returned a verdict in favor of the plaintiff and assessed his recovery at the sum of $375. Judgment was rendered accordingly. Plaintiff in his petition charges that all of the acts of the defendant had been inspired by actual malice without probable cause and without authority. The defendant, in addition to a general denial, alleged that all of her acts were unqualifiedly privileged. The record shows that the

defendant and plaintiff were at cross purposes with reference to the employment of a teacher in school district No. 92, and the evidence of plaintiff was sufficient to support his contention that the proceedings had in connection with his attempted removal were actuated more by desire on the part of the defendant to procure the employment of the teacher of her choice than on account of any unfitness of plaintiff to hold office. The evidence of the plaintiff also established the fact that he had been obliged to expend certain moneys and to obligate himself in certain sums for the defense of himself from the attacks made upon him by the defendant, and that he had been injured by said acts in his credit and reputation. The evidence of the defendant was to the effect that she had had several complaints against the plaintiff, and that after an investigation thereof she had come to the conclusion that it would be for the best interest of the school district to remove the plaintiff from the school board, and that the citation had been prepared for her by the assistant county attorney, and that she had consulted the State Superintendent with reference to the matter and the manner of removing the plaintiff from his office, and that in her acts she was trying to give the school district the teacher whom she thought the people of the district wanted. Defendant also offered evidence to show that the reputation of the plaintiff was not susceptible of injury.

The defendant assigns thirteen specifications of error. These are presented and discussed under three propositions. The defendant contends, first, that the evidence was insufficient to support the verdict, and urges that it was incumbent upon the plaintiff to prove that the prosecution was malicious and without probable cause, and that since defendant testified that she had consulted the county attorney and the State Superintendent before proceeding against the plaintiff, she had thereby negatived any want of probable cause and any inference of malice. In support of this contention defendant cites Sawyer v. Shick, 30 Okla. 353, 120 P. 581; Mayer v. Goodman, 94 Okla. 12, 220 P. 656; Meinholtz v. Henryetta Gas Co., 83 Okla. 89, 200 P. 693; Thelma Oil & Gas Co. v. Sinclair Gulf Oil Co., 97 Okla. 5, 222 P. 686; Haffner v. First National Bank, 152 Okla. 90, 3 P. (2d) 835; Jones Leather Co. v. Woody, 67 Okla. 184,

169 P. 878. An examination of the above-cited cases reveals the fact that they do not bear the interpretation which the defendant seeks to place upon them, and that they have but very little application to the facts presented in the record before us. As said in the case of Imo Oil & Gas Co. v. Knox, 154 Okla. 100, 6 P. (2d) 1062:

"The general rule relative to negativing the want of probable cause and malice in such actions by a showing of timely advice of legal counsel, upon a full disclosure of relative facts and action in good faith upon such advice, is fully stated in the cases. El Reno Gas & Elec. Co. v. Spurgeon, 30 Okla. 88, 118 P. 397; Newell on Malicious Prosecution, 310. But, of course, such defense is dependent, not only upon action within the confines of that advice, but as well upon the advice itself. Such rule as stated presumes advice to the effect that the prospective suitor has a clear, valid, bona fide legal right to institute action, and not to the contrary as appears in this case. See, also, Roby v. Smith, 40 Okla. 280, 138 P. 141; Equitable Life Assur. Soc. of U. S. v. Lester (Tex. Civ. App.) 110 S. W. 499; Stalker v. Drake (Kan.) 136 P. 912; Jacks v. Stimpson, 13 Ill. (3 Peck.) 701; Munns v. DeNemours, 3 Wash. C. C. 31; Grundy v. Crecent News & Hotel Co., 38 La. Ann. 974; Glascock v. Bridges, 15 La. Ann. 672; Johnston v. Deidesheimer (Colo.) 232 P. 1113."

It nowhere appears that the defendant made a full and complete disclosure of all of the relevant facts to counsel and acted in good faith upon advice received in response thereto, but, on the contrary, it appears that while the county attorney represented the defendant at the hearing on the citation and on appeal in the county court, she also sought and obtained independent advice from other sources. In our opinion the record shows that the acts of defendant were inspired by malus animus or actual malice, and that the verdict of the jury has ample evidence to support it.

The next contention of the defendant is that the petition of the plaintiff did not state facts sufficient to state a cause of action in his favor and against the defendant. In support of this contention, we are cited to the cases of Dickerson v. Crozier, 128 Okla. 162, 261 P. 545; Alzua v. Johnson, 231 U. S. 106; the defendant urging that her acts had been performed in the exercise of a judicial or quasi-judicial function, and hence she was thereby clothed with the protection afforded judicial officers in the discharge of their duties. The of-

fice of the county superintendent has been declared to be executive rather than judicial (see Kiefer v. Peters, 92 Okla. 30, 217 P. 469); but independently, it appears that the acts of the defendant concerning which the complaint is made were wholly administrative in their nature. There was no error in overruling the demurrer of the defendant to the petition of the plaintiff.

The defendant contends finally that the failure of the court to instruct on probable cause is such an error as necessitates a reversal, citing Dunnington v. Loeser, 48 Okla. 636, 149 P. 1161; Hopkins v. Stites, 70 Okla. 177, 173 P. 449; Goad v. Brown, 73 Okla. 241, 175 P. 767. The cited cases are authority for the rule that where evidence is given to prove or disapprove probable cause what amounts to probable cause is a question of law for the court, and that it is the duty of the court to submit to the jury the credibility of such evidence under proper instructions, and that when the court undertakes to instruct the jury thereon and does so incorrectly, such error is not cured or waived by failure to request a proper instruction. The trial court gave no instruction whatever on probable cause and none was requested by either of the parties, but since, as we have heretofore pointed out, the evidence of the defendant did not negative the want of probable cause, and the evidence of the plaintiff with respect thereto was virtually undisputed, we are of the opinion that the applicable rule is that announced in the case of Empire Gas & Fuel Co. v. Wainscott, 91 Okla. 66, 216 P. 141, wherein it was said:

"In an action for malicious prosecution, where the evidence is undisputed, the question of what amounts to probable cause or the want of probable cause is one of law for the court, and where the undisputed evidence shows a want of probable cause for the prosecution, and a failure on the part of the defendants to fully and fairly communicate to the county attorney all of the material facts relating to the guilt of the plaintiff. within their knowledge, or which they could have obtained by reasonable diligence and inquiry, the Supreme Court will not reverse the case for a new trial, merely because the trial court failed to instruct the jury as to specific facts and circumstances in the case, which would show probable cause, or a want of probable cause."

Under the record presented no reversible error is shown. The plaintiff requests judgment on the supersedeas bond. This bond appears in the case-made, duly signed by Mrs. N. A. Johnson, C. A. Maitlen, and A. H. Curtis, as sureties, and is conditioned to pay the condemnation money and costs in case the judgment should be affirmed in whole or in part. No good reason appears why the plaintiff should not have judgment on said bond. It is, therefore, ordered that the plaintiff have and he is hereby given judgment against the above named sureties and each of them in the sum of $375, and costs as provided in said bond, for which let execution issue out of the district court of Payne county.

Judgment affirmed.

OSBORN, C. J., and RILEY, PHELPS, GIBSON, and DAVISON, JJ., concur.