### GRAY v. ABBOUD.

No. 28465.  Feb. 7, 1939.

Joseph D. Mitchell, for plaintiff in error.

John W. Tillman and Fred A. Tillman, for defendant in error.

DAVISON, J. This is an action for malicious prosecution in which the court sustained the defendant's demurrer to the evidence introduced on behalf of the plaintiff. The plaintiff has appealed to this court from the order sustaining said demurrer.

The evidence shows, among other things, that the plaintiff lives upon and cultivates a farm under an agricultural lease that was executed in 1933 and delivered to him by a full-blood Osage Indian, who then owned the land; that the term of said lease was for a period of five years, beginning January 1, 1934; that, in December, 1935, the defendant bought the farm from its Indian owner and lessor, with the approval of the Secretary of the Interior; that, in 1936, the defendant sought to get possession of the land, first, by attempting to obtain a cancellation of the lease through the Superintendent of the Osage Agency and various officials of the Department of the Interior on the ground that the plaintiff had not complied with the provisions of the lease; that notice that the lease would be canceled was mailed to the plaintiff by the Acting Superintendent of the Osage Agency, but the matter was finally concluded (as far as the federal government was concerned) by the decision of the Commissioner of Indian Affairs to participate no further in the controversy; that after said decision the defendant then unsuccessfully prosecuted an action of forcible entry and detainer against the plaintiff.

In this appeal, the defendant contends that the evidence of the plaintiff failed to establish the elements of "malice" and "want of probable cause," which are essential to a cause of action of this character. The plaintiff asserts that these elements were shown.

If the record supports the defendant's assertions as to the absence of either of the two elements named, the trial court committed no error in sustaining his demurrer. Haffner v. First National Bank, 152 Okla. 90, 3 P.2d 835; Brown v. St. Louis & S. F. R. Co., 158 Okla. 31, 12 P.2d 528; Dobbins v. Todd & Kraft Co. (Iowa) 256 N. W. 282. When there is no dispute as to the facts and no evidentiary basis for an inference of want of probable cause in an action for malicious prosecution, the existence of this element is exclusively a question for determination by the court. Williams v. Frey, 182 Okla. 556, 78 P.2d 1052; Johnson v. Moser, 181 Okla. 75, 72 P.2d 715; Champlin Refining Co. v. Le Force, 176 Okla. 48, 54 P.2d 190; Dickerson v. Atlantic Refining Co., 201 N. C. 90, 159 S. E. 446; and see, also, Franzen v. Shenk, 192 Cal. 572, 221 P. 932. While evidence of the want of probable cause may furnish proof of malice (Harper on Torts p. 587; McCormick on Damages p. 384; Empire Gas & Fuel Co. et al. v. Wainscott, 91 Okla. 66, 216 P. 141), yet malice does not establish want of probable cause. See Cooley on Torts (4th Ed.) vol. 1, sec. 118, p. 403; Nichol's Applied Evidence, vol. 3, p. 2969, and cases therein cited; O'Malley-Kelley Oil & Auto Supply Co. v. Gates Oil Co., 73 Colo. 140, 214 P. 398; Barton v. Woodward, 32 Idaho, 375, 182 P. 916, 5 A. L. R. 1090; Pacific Nat. Co. v. Southwest Finance Co. (Cal. App.) 40 P.2d 862; National Surety Co. v. Page, 58 Fed.2d 145. For these reasons, we will first determine whether there is anything in the evidence introduced on behalf of the plaintiff that is legally sufficient to constitute evidence of want of probable cause on the part of the defendant for instituting the proceedings which constitute the basis of the complaint of the plaintiff in the present action. If the answer to this question is negative, no other question need be considered.

The first circumstance upon which the plaintiff seems to rely for his proof of the defendant's lack of probable cause for his efforts to get possession of the farm is that the defendant knew that he had a lease on the premises. Regardless of whether the defendant knew of the plaintiff's lease at that time or not, there is nothing in the record presented that can be accorded any weight as evidence that the defendant's efforts to have the plaintiff's lease canceled were motivated by anything other than his own belief or that of his counsel that the plaintiff never had a valid lease on the premises, or that if at one time he had obtained such a lease, the

same was no longer binding. The lease was executed on a regular printed form of the Department of the Interior for "Farming and Grazing" leases. The body of the lease itself contains the recitation that it is executed "under and in accordance with the provisions of existing law and conformably to the regulations approved by the Secretary of the Interior on July 27, 1916, relative to farming and grazing leases and which are hereby referred to and made a part of this agreement as fully as if recited over the signature hereto. * * *" Among the departmental regulations quoted on the back of the lease are the following:

"7. Lands of adults may be leased for terms not exceeding five years for farming purposes and not exceeding three years for grazing purposes."

The lease also contains the following further provisions:

"It is expressly understood and agreed by the parties hereto that any sublease, assignment or transfer of this lease, or of any interest herein or hereunder can lawfully be made only with the consent of the lessor in writing and the approval of the Secretary of the Interior, and any assignment, sublease or transfer made or attempted without such consent and approval shall be void and may render this contract void at the option of the Superintendent of the Osage Agency. * * *

"If the lessee * * * shall fail to comply with or shall violate any of the provisions of this contract, the Superintendent of the Osage Agency may, in his discretion, cancel this lease, and the lessor may thereupon re-enter and take possession of said premises and eject the lessee therefrom."

Evidence of the grounds upon which the defendant urged the cancellation of the lease is contained in the following letter from his attorneys to the Acting Superintendent of the Osage Indian Agency:

"Hon. C. L. Ellis
"Acting Superintendent,
  "Osage Indian Agency,
    "Pawhuska, Oklahoma

"Dear Sir:

"In reference to the Theodore Harvey land purchased by Mr. John Abboud, on which there is at this time and which was at the time of his purchase an agricultural lease, the payment for which was to be made in grain, it is our contention that this lease for the grain consideration should be cancelled for the reason that the same covers a period in excess of twelve months. We have further offered proof in affidavit form that Mr. Gray, the lessee of this property has sublet it in violation of the terms of his lease which was approved by the Department. It is our contention that the subleasing of any property covered by an approved lease without the approval of the Superintendent of the Osage Indian Agency or the Secretary of the Interior subjects said lease to cancellation.

"Mr. Abboud is very anxious to enter into possession of this property immediately and feels that the Department should cancel this lease and place him in possession of said real estate, he having purchased the same and being given a warranted title by the Secretary of the Interior not subject to any leases of any kind or character.

"We would appreciate immediate action upon the matter.
         "Yours very truly,
            "Tillman & Tillman
            "By (Sgd.) John W. Tillman."

There is nothing in the record to prove that the claims apparently relied upon by the defendant for the cancellation of the plaintiff's lease were false nor was there any proof that such facts did not constitute sufficient grounds for the cancellation of said lease. It appears from the reference thereto in the plaintiff's brief that his counsel regard the decision of the Department of the Interior concerning the cancellation of the lease as evidence of want of probable cause on the part of the defendant for thereafter instituting the forcible entry and detainer action. The evidence of that decision is contained in letters written by Commissioner John Collier to the defendant and to the Acting Superintendent of the Osage Agency. The substance of the decision is revealed in the following paragraph of both letters:

"This matter has been carefully considered. In view of the fact that the land is no longer restricted, that the alleged technical violation of the terms of the lease is not shown to have been prejudicial to the interests of the former Indian owner, or that objections were made by him to such alleged technical violation, the controversy existing in this case appears one for settlement by the nonIndian parties in interest and not by this office."

It is plain from the above quotation that the "decision" which counsel cite is little more than a decision to terminate consideration of the matter in the Department of the Interior. It is insufficient as proof of the validity of the plaintiff's lease or the falsity or lack of merit in the defendant's claims concerning it, and therefore is not even circumstantial evidence of want of probable cause on the part of the defendant for his further attempts to se-

cure an adjudication of said claims. It has very aptly been stated that one who initiates civil proceedings against another has "probable cause" for so doing if he reasonably believes in the existence of facts upon which his claim is based and reasonably believes that under such facts the claim may be valid at common law or under an existing statute. See Restatement of the Law, Torts, sec. 675, p. 446. Thus it follows that a reasonable belief in the possibility that his claims may be held valid is sufficient to give the prosecutor probable cause for instituting such proceedings. Id., sec. 674, p. 441. In Harber v. Davison-Paxon Co., 46 Ga. App. 457, 167 S. E. 781. it is said:

"Probable cause for the institution of proceedings in court is supported by such facts as would authorize an honest belief in the prosecutor, as a reasonable and prudent person, that the 'action and the means taken in prosecution of it are just, legal, and proper.' 38 C. J. 417."

Other evidence which the plaintiff introduced in support of his cause of action and to which some importance seems to be attached in his counsel's brief consists of the notice to quit which the defendant caused to be served upon the plaintiff preliminary to his commencement of the forcible entry and detainer action and the summons issued and served upon him in said action. It is asserted that the plaintiff is falsely charged upon the face of said notice with being a trespasser on the land involved and that in order to procure the issuance of the summons in such an action it was necessary that the defendant affy that the plaintiff had made an unlawful entry and was holding the possession of the land in question unlawfully, all of which was false. If at the time the forcible entry and detainer action was instituted, the plaintiff was unlawfully in possession of the premises, he was a trespasser. The defendant had maintained that his possession was unlawful because his lease was invalid or had been violated. These claims had never been adjudicated at the time he instituted the suit and no proof has been offered that he lacked sufficient basis for the reasonable belief that they would be held to entitle him to the dispossession of the plaintiff or that such a belief was not what impelled him to file the suit. Though the defendant may have made an affidavit in the forcible entry and detainer action which contained a false allegation that the plaintiff had made an unlawful entry upon the land, yet the character of the entry was immaterial to his cause of action, if it was established that though his entry had been lawful, his possession of the land had become unlawful and remained so at the time the action was commenced. In McAfee v. Los Angeles Gas & Electric Corp. (Cal.) 9 P.2d 212, it was held that the false allegation of an immaterial fact in a criminal complaint does not show malice and want of probable cause in an action for malicious prosecution. In view of the foregoing considerations and the absence of any direct evidence of the defendant's lack of probable cause for making the affidavit, we are of the opinion that neither such an affidavit nor the summons issued in said forcible entry and detainer action furnishes any proof of the defendant's want of probable cause for instituting said action against the plaintiff.

The plaintiff next calls our attention to the admitted fact that the forcible entry and detainer action was decided in his favor and against the defendant. The authorities, with very few exceptions, hold that the fact that the action, which is alleged to constitute the malicious prosecution, has been terminated in favor of the complaining party, is in itself insufficient to establish want of probable cause on the part of the defendant in an action for malicious prosecution. See Harper, Law of Torts, sec. 270, p. 590; Restatement of the Law, Torts, sec. 667, pp. 421, 422; Cooley on Torts (4th Ed.) vol. 1, sec. 118, pp. 402, 403; 38 C. J. 419, 420, par. 58, and cases therein cited.

In conformity with the foregoing views expressed and principles enunciated, we must hold that none of the evidence relied upon by the plaintiff herein is sufficient to constitute proof of want of probable cause on the part of the defendant. Undoubtedly the burden of proving this element of his alleged cause of action was upon the plaintiff. See Bellis v. Smith, 160 Okla. 294, 17 P.2d 975; Dollar Down Furniture Co. v. Blassingame, 157 Okla. 179, 11 P.2d 512; Haffner v. First Nat. Bank, 152 Okla. 90, 3 P.2d 835; Thelma Oil & Gas Co. v. Sinclair Gulf Oil Co., 97 Okla. 5, 222 P. 686; Shaw v. Cross, 83 Okla. 273, 201 P. 811; Sims v. Jay, 53 Okla. 183, 155 P. 615. His duty in this respect could only be discharged by the introduction of some affirmative evidence, although it is recognized that the element of want of probable cause is negative in its character. See Glenn v. Lawrence, 204 Ill. App. 411.

As the evidence introduced on behalf of the plaintiff was insufficient to establish

one of the necessary elements of a cause of action for malicious prosecution, the trial court correctly sustained the defendant's demurrer thereto, and its judgment is therefore affirmed.

BAYLESS, C. J., and RILEY, GIBSON, and DANNER, JJ., concur.